UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IRIS WOOD,

      Plaintiff, *Pro Se*

           v.                          No. 07-1597 (RMU)

IRVING KATOR, *et al.*

      Defendants.

## <u>REPLY TO PLAINTIFF'S "OBJECTION TO MOTION TO DISMISS"</u>

Defendants hereby reply to Plaintiff's February 1, 2007 objection to Defendants' motion to dismiss. Because Plaintiff's amended complaint suffers the same deficits as her original complaint, Defendants urge the Court to dismiss her amended complaint. Plaintiff, through her opposition and amended complaint, has not cured the fatal flaws to her earlier pleadings. Plaintiff still fails to state a claim of legal malpractice, negligent or otherwise, under District of Columbia law. Despite now having had an opportunity to restate her claims, Plaintiff still cannot state a claim upon which relief can be granted. Therefore, Defendants respectfully request that the Court dismiss her complaint in its entirety.

In her amended complaint, Plaintiff appears to still focus on counsel's decision not to depose one individual, her former "boss."[1] She also makes other vague assertions in her complaint regarding the alleged failure of Defendants to conduct proper discovery and legal

---

[1]Plaintiff does not mention that Defendants had previously examined this individual extensively during one of the administrative proceedings that preceded her complaint.

research.  But, even after reviewing Defendants' arguments in their motion to dismiss, Plaintiff is still unable to plead any facts to show that counsel's decisions were anything other than "reasonable judgments about trial strategy."  *Morrison Cohen Singer & Weinstein v. Schwartz*, 1995 U.S. Dist. LEXIS 4553 at *3 (S.D.N.Y. Apr. 10, 1995).

Plaintiff is also still unable to plead that she suffered injury as a result of Defendant's actions.  For example, other than broadly speculating that the deposition would have brought her greater "leverage in settlement," and assisted her in the "presentation of facts in her case," she does not plead facts to show that but for counsel's failure to take the deposition, Plaintiff would have succeeded in her case.  Plaintiff has not even sought to articulate how taking this deposition would have allowed her to survive summary judgment.  Plaintiff needs to have made more than speculative assertions in order to state a claim of legal malpractice.  Because she has not done so here, the Court must dismiss her complaint.

Last, Plaintiff is not entitled to any special consideration or lenity due to her *pro se* status.  Plaintiff, as an attorney, has chosen to represent herself and thus must be held to the appropriate standards.  *See Richards v. Duke Univ.*, 480 F. Supp. 2d 222, 234 (D.D.C. 2007) ("[P]laintiff is an attorney [and thus] is not automatically subject to the very liberal standards afforded to a non-attorney pro se plaintiff because an attorney is presumed to have a knowledge of the legal system and need[s] less protections from the court.").  The fact that Plaintiff is "not experienced" in the field of malpractice law nor admitted in this district should have led her to retain someone who is rather than waste this Court's time with whimsical arguments and stream of consciousness pleadings.  It cannot excuse her requirement to properly state a claim in her complaint.

Plaintiff has now had two bites at the apple and should not be permitted a third.  Plaintiff, and the Court, undoubtedly would be better served if Plaintiff were here represented by competent counsel.  Fully aware of the risk of proceeding *pro se*, she has chosen to embark on this travail alone.  This Court should hold her accountable for her choice.

For the foregoing reasons, and the entire record in this case, Defendants respectfully request that the Court dismiss Plaintiff's complaint in its entirety.

Respectfully submitted,

_____s/_____
Adrienne M. Tranel (502502)
Kator, Parks & Weiser, PLLC
1200 18th Street, Suite 1000
Washington, DC 20036
(202) 898-4800

February 20, 2008                        Attorney for Defendants

-3-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IRIS WOOD,

     Plaintiff, *Pro Se*

          v.                         No. 07-1597 (RMU)

IRVING KATOR, *et al.*

     Defendants.

**O R D E R**

     Upon consideration of Defendants' Motion to Dismiss, Plaintiff's "Objection" and the entire record herein, it is hereby

     ORDERED that Plaintiff's complaint, and amended complaint, shall be and hereby are DISMISSED.

_____
                     Richard M. Urbina, District Judge

Copies to:

Adrienne M. Tranel
1200 18th Street, NW Suite 1000
Washington, DC 20036

Iris Croft Wood
110 Main Street, PO Box 1200
Lamar, SC 29069-1200