UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IRIS WOOD,<br><br>Plaintiff, *Pro Se*<br><br>v.<br><br>IRVING KATOR, MICHAEL KATOR,<br>CATHY A. HARRIS,<br>Kator, Parks & Weiser, PLLC,<br>(previously known under other<br>law firm names)<br><br>Defendants | Civil Action No. 07-1597 (RMU)<br>(JURY TRIAL) |

## AMENDMENT TO COMPLAINT

Plaintiff, pro se, amends the original complaint with 1st Affidavit pursuant to Rule 15(a) of the Federal Rules of Civil Procedure as follows:

Having established the element of attorney-client relationship and the duty a lawyer owes a client as derived from contract as well as implied by law, requiring a lawyer to exercise the competence and diligence normally exercised by lawyers in similar circumstances, it is noted legal malpractice embraces statutes as well as common law negligence (breach of standard of care), fiduciary obligations and breach, breach of contract, breach of contract with fraudulent act, fraud or deceit, constructive fraud, bad faith, and judgmental liability such as research and investigation.

### CAUSE OF ACTION
### (Legal Malpractice Negligence)

1. Plaintiff is informed and believes that Defendant Attorneys, Defendants' Law Firm, and all members of Defendants' Law Firm, jointly and severally, were negligent, grossly negligent, willful, wanton, reckless, and careless, in the following particulars, including but not limited to:

    a. In failing to handle Plaintiff's case in a timely manner.
    b. By failing to keep Plaintiff fully informed and advised.

      c. By neglecting Plaintiff's case.
      d. By charging fees they did not properly earn.
      e. In failing to properly investigate, develop, and discover evidence.
      f. In failing to do proper research such as the AFSCME Union case.
      g. In failing to properly monitor Plaintiff's EEO case.
      h. In failing to properly question witnesses or potential witnesses.
      i. In failing to depose pertinent witnesses including the main witness in fall 2004, plaintiff's boss and offender (who committed battery against plaintiff) in an employment case, after being ordered by the district court judge to continue with the case.
      j. In failing to be truthful to plaintiff about deposing witnesses.
      k. In failing to obtain pertinent documents during Discovery in summer 2004 pertaining to employment, pay, and promotions in plaintiff's office to investigate disparate treatment, pay, and promotion.
      l. In failing to inform plaintiff about omissions in Discovery so plaintiff learned only after asking for the documents in fall 2004, after September 2004.
      m. For seeking substitute Discovery such as broad, barely pertinent, points from employer about treatment of women while neglecting specific and pertinent information relating to plaintiff's case, plaintiff's office (see focus of judge's decision on plaintiff's office), and her offenders.
      n. For seeking substitute testimony from a substitute witness to avoid deposing and confronting central figure and offender in employment case.
      o. For failing to be truthful with plaintiff about confronting and deposing major witness in case.
      p. For failing to be truthful with plaintiff about failure to adequately depose witnesses.
      q. Defendant demonstrated judgmental liability with failures, omissions, neglect, and improper acts such as failure to depose the main witness, to investigate evidence, or thoroughly research cases.
      r. Defendants violated their fiduciary duty to plaintiff with each and every failure, omission, neglect, and improper act.
      s. Defendant acted in bad faith with every willful failure, omission, neglect, and improper act.

2.     Due to and as a direct and proximate result of the negligent, grossly negligent, willful, wanton, careless, and reckless actions and omissions of the Defendants, jointly and severally, particularly described above and in the original complaint and 1st Affidavit, plaintiff suffered damages, including the loss of causes of action against her employer including but not limited to lost salary and wages, lost earning capacity in the past and future, and including leverage for settlement, which would have resulted in plaintiff obtaining a substantial amount of money by way of settlement or monetary judgment.

2

## CAUSE OF ACTION
### (Legal Malpractice Contract)

3.  Various contracts were entered into by plaintiff and defendants between 1993 and 2006. Breach and unjustifiable failure to perform the contracts occurred, in the following particulars, including but not limited to:

   a. In failing to handle Plaintiff's case in a timely manner.
   b. By failing to keep Plaintiff fully informed and advised.
   c. By neglecting Plaintiff's case.
   d. By charging fees they did not properly earn.
   e. In failing to properly investigate, develop, and discover evidence.
   f. In failing to do proper research such as the AFSCME Union case.
   g. In failing to properly monitor Plaintiff's EEO case.
   h. In failing to properly question witnesses or potential witnesses.
   i. In failing to depose pertinent witnesses including the main witness in fall 2004, plaintiff's boss and offender (who committed battery against plaintiff) in an employment case, after being ordered by the district court judge to continue with the case.
   j. In failing to be truthful to plaintiff about deposing witnesses.
   k. In failing to obtain pertinent documents during Discovery in summer 2004 pertaining to employment, pay, and promotions in plaintiff's office to investigate disparate treatment, pay, and promotion.
   l. In failing to inform plaintiff about omissions in Discovery in 2004 so plaintiff learned only after asking for the documents in fall 2004, after September 2004.
   m. For seeking substitute Discovery such as broad, barely pertinent, points from employer about treatment of women while neglecting specific and pertinent information relating to plaintiff's case, plaintiff's office (see focus of judge's decision on plaintiff's office), and her offenders.
   n. For seeking substitute testimony from a substitute witness to avoid deposing and confronting central figure and offender in employment case
   o. For failing to be truthful with plaintiff about confronting and deposing major witness in case.
   p. For failing to be truthful with plaintiff about failure to adequately depose witnesses.
   q. Defendant demonstrated judgmental liability with failures, omissions, neglect, and improper acts such as failure to depose the main witness, to investigate evidence, or thoroughly research cases.
   r. Defendants violated their fiduciary duty to plaintiff with each and every failure, omission, neglect, and improper act.
   s. Defendant acted in bad faith with every willful failure, omission, neglect, and improper act.

3

4.  Due to and as a direct and proximate result of the breach of and unjustifiable failure to perform the contracts, actions and omissions of the Defendants, jointly and severally, particularly described above and in the original complaint and 1st Affidavit, plaintiff suffered damages including the loss of causes of action against her employer and leverage for settlement which would have resulted in plaintiff obtaining a substantial amount of money by way of settlement or monetary judgment.

## CAUSE OF ACTION
### (Disgorgement of Fees)

5.  Defendants charged plaintiff fees in the amount of approximately $50,000.00 to prosecute causes of action and appeals regarding employment matters.

6.  Defendants failed to perform the services vigorously, professionally, correctly, responsibly, truthfully, or properly, due to and as a direct and proximate result of the breach of and unjustifiable failure to perform the contracts and due to their negligent, grossly negligent, willful, wanton and reckless actions and omissions.

7.  Plaintiff is entitled to have fees she paid to Defendants returned.

8.  The question of proximate cause is one for the jury.

9.  Plaintiff is informed and believes she is entitled to judgment against the Defendants, jointly and severally, for actual damages, for such punitive damages as may be assessed by the jury, for the costs of this action, and for such other and further relief as the court and jury may deem just and proper.

10. Plaintiff demands a jury trial.

WHEREFORE, having complained of the Defendants, Plaintiff demands a jury trial and prays for judgment against the Defendants, jointly and severally, for actual and punitive damages in an amount to be determined by a jury, costs of this action, and for such other and further relief as this Court and jury deems just and proper.

Dated: January 30, 2008

Respectfully submitted,

Iris Wood, Plaintiff *Pro Se*