UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IRIS WOOD,

    Plaintiff, *Pro Se*

       v.                                 No. 07-1597 (RMU)

IRVING KATOR, *et al.*

    Defendants.

**MOTION TO DISMISS**

Pursuant to Fed.R.Civ.P. 12(b)(6), Defendants hereby move to dismiss Plaintiff's "Amendment to Complaint" for failure to state a claim upon which relief can be granted. A Memorandum of Points and Authorities and a Proposed Order are submitted herewith.

                                                   Respectfully submitted,

                                                   _____s/_____
                                                   Adrienne M. Tranel (502502)
                                                   Kator, Parks & Weiser, PLLC
                                                   1020 19th Street, Suite 350
                                                   Washington, DC 20036
                                                   (202) 898-4800

March 21, 2008                                    Attorney for Defendants

<u>Certificate of Service</u>

    I hereby certify that a copy of the foregoing motion, memorandum of points and authorities and proposed order have been served, by first class mail, postage prepaid, upon

    IRIS WOOD
    110 Main Street
    P.O. Box 1200
    Lamar, SC 29069-1200

Date:  March 21, 2008.                            _____/s/_____
                                                                                Adrienne Tranel

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IRIS WOOD,

    Plaintiff, *Pro Se*

       v.                                        No. 07-1597 (RMU)

IRVING KATOR, *et al.*

    Defendants.

**O R D E R**

Upon consideration of Defendants' Motion to Dismiss and the entire record herein, it is hereby

ORDERED that Plaintiff's "Amendment to Complaint," shall be and hereby is DISMISSED.

                                                                  Richard M. Urbina, District Judge

Copies to:

Adrienne M. Tranel
1200 18th Street, NW Suite 1000
Washington, DC 20036

Iris Croft Wood
110 Main Street, PO Box 1200
Lamar, SC 29069-1200

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IRIS WOOD,

    Plaintiff, *Pro Se*

       v.                                    No. 07-1597 (RMU)

IRVING KATOR, *et al.*

    Defendants.

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S AMENDMENT TO COMPLAINT**

Over the course of more than 13 years, Defendants strove to represent Plaintiff in her various employment disputes with the Library of Congress. That endeavor ultimately led to litigation in this Court, a generous settlement which Plaintiff accepted on the record but later spurned, and an appeal to the District of Columbia Circuit. Plaintiff now complains that Defendants were negligent in representing her, and indeed acted wantonly and in bad faith. Plaintiff's complaint is a confused jumble of unintelligible allegations that, even under the most generous construction, fails to state of claim of legal malpractice under District of Columbia law. Plaintiff's complaint must, accordingly, be dismissed.[1]

---

[1] On March 4, 2008, this Court granted Plaintiff's motion to amend her complaint. Although Plaintiff apparently intended her amendment to supplement her original complaint, this Court properly held that her amended complaint supplanted her original complaint. Accordingly, Defendants limit their arguments herein to the allegations contained in Plaintiff's amended complaint.

**1. Background**

      Plaintiff's underlying complaint against the Library of Congress was previously before this Court as *Wood v. Billington*, 03-1343 (RMU).  In that case, Plaintiff alleged that her employer "discriminated against her based on her sex and perceived mental disability, retaliated against her for engaging in protected activity and violated her Fifth Amendment rights by delaying the effecting of an appealable action and discharging her without due process." *Wood v. Billington*, 03-1343 (RMU), Mem. Op. at 1 (Jun.10, 2005).  Plaintiff was hired by the Library of Congress in June 1991.  Little more than a year later, she began experiencing difficulties with her supervisor and within two years of her employment she filed her first EEO complaint.  *Id*. at 2.  In February 1994, the Library concluded that Plaintiff's bizarre behavior warranted a fitness for duty examination.  *Id*. at 3.  One year later, after Plaintiff's obstruction of the examination process, including informing one examiner that she considered an examination "psychological rape" and threatening to report that examiner to the American Psychological Association, the Library concluded that Plaintiff posed an unacceptable risk in the workplace and ultimately suspended her without pay.  *Id*. at 5-6.  The Library directed that Plaintiff could not return to work until she submitted to another fitness for duty examination and was cleared for return to duty.  *Id*. at 6.  However, Plaintiff continued to obstruct this process, making veiled threats to report one psychiatrist to the American Psychiatric Association and refusing to tell another that she would not take legal action against him for conducting the evaluation.  *Id*. at 6-7.  Thereafter, the Library concluded that further efforts to have Plaintiff submit to a fitness for duty examination would be fruitless and it re-instituted administrative actions to terminate her employment.  *Id*. at 7.  After an administrative hearing and internal appeal, in June 2001 the Library formally removed Plaintiff.  *Id*. at 8.

Upon consideration of the parties cross motions for summary judgment, this Court concluded that Plaintiff could not demonstrate that her termination was made for discriminatory reasons.  Citing such evidence as Plaintiff's failure to unequivocally deny that she had threatened to cut off her supervisor's head, the Court concluded that the Library had presented compelling non-discriminatory reasons for terminating Plaintiff and that she failed to show that any of these reasons were pretextual.  *Id.* at 15, 16-19.  The Court further rejected her retaliation and Due Process claims, *id*. at 19-21, and, after extensive discussion, it rejected her perceived mental disability claim.  *Id*. at 21-24.  The Court concluded that Plaintiff failed to show that the Library considered her "unable to work as an attorney generally, as opposed to [her] being unable to work as an attorney in the Office of General Counsel of the Library of Congress."  *Id*. at 23.

Plaintiff sought review in the District of Columbia Circuit but that Court summarily affirmed this Court's opinion.  *Wood v. Billington*, 2006 U.S. App. LEXIS 6175 (Mar. 13, 2006). The Circuit further denied Plaintiff's subsequent request for rehearing.  *Wood v. Billington*, 2006 U.S. App. LEXIS 19233 (D.C. Cir., July 27, 2006).  On September 7, 2007, apparently unappreciative of counsels' efforts on her behalf, Plaintiff filed the instant legal malpractice claim.

**2.  Plaintiff fails to state a claim upon which relief may be granted**

To establish legal malpractice in the District of Columbia, "a plaintiff must establish the applicable standard of care, a breach of that standard, and a causal relationship between the violation and the harm complained of."  *Athridge v. Aetna Cas. & Sur. Co*., 351 F.3d 1156, 1173 (D.C. Cir. 2003), citing *Mills v. Cooter*, 647 A.2d 1118, 1123 (D.C. 1994).  Further,

> [u]nder District of Columbia law "[w]hether a complaint is based on tort or breach of contract . . . the liability of an attorney for failure to properly perform his duties is governed by the same general standard of care." *O'Neil v. Bergan*, 452 A.2d 337, 341 (D.C. 1982). "In short, the 'reasonable skill' promised in [a contractual] agreement is the same as the 'reasonable skill' which an attorney must display to avoid tort liability." *Id*. Thus, [even if a claim] nominally includes allegations of breach of contract and fraudulent misrepresentation as well as legal malpractice, all of her claims require her to establish a prima facie case of legal malpractice. To do so, "the plaintiff must establish the applicable standard of care, that the attorney violated the standard, and that the violation caused a legally cognizable injury." *Kaempe v. Myers*, 367 F.3d 958, 966 (D.C. Cir. 2004) (citing *O'Neil*, 452 A.2d at 341)); see also *Mavity v. Fraas*, 456 F. Supp. 2d 29 (D.D.C. 2006) (citing *Athridge v. Aetna Cas. & Sur. Co.*, 351 F.3d 1166, 1174 (D.C. Cir. 2003)).

*Handy v. Shaw, Bransford, Veilleux & Roth*, 2006 U.S. Dist. LEXIS 92715, 10-11 (D.D.C. 2006). Plaintiff's complaint falls far short of meeting this threshold.[2]

As an initial matter, nowhere in her complaint does Plaintiff identify what she contends to be the applicable standard of care. To be sure, she lists a plethora of grievances, ranging from broad and vague (*e.g.*, Defendants "neglect[ed] Plaintiff's case, Am. Compl. at ¶1(c)) to inscrutable (*e.g.*, "Defendant [*sic*] demonstrated judgmental liability with failures, omissions, neglect and improper acts . . ., Am. Compl. at ¶1(q)). The docket entries alone would seem to refute the contention that counsel somehow "neglected" Plaintiff's case. More importantly, however, for purposes of this Motion to Dismiss, Plaintiff's broad and conclusory allegations are simply insufficient to state a viable claim for legal malpractice. *Perez v. Goldin*, 360 F.Supp. 2d

---

[2]Under *O'Neil v. Bergan*, 452 A.2d at 341, Counts 1 and 2 of Plaintiff's amended complaint are legally indistinguishable–the former purports to allege a tort claim while the latter ostensibly sounds in contract. Count 3 is a claim for "Disgorgement of Fees." There is no such cause of action under District of Columbia law, however. If anything, this would be an equitable remedy available in a breach of contract case.

12, 16 (D.D.C. 2003) ("scant background facts that are broad and unsupported" are insufficient to state a claim), citing *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (D.C. Cir. 1987) ("bare conclusions of law, or sweeping and unwarranted averments of fact" will not survive a motion to dismiss). Plaintiff has not averred facts that, if true, would support a claim for legal malpractice. Accordingly, her claim must be dismissed.

It appears that Plaintiff's complaint concerns counsel's decision not to depose certain individuals. *See e.g.* Am. Compl. at 1(n) (complaining that counsel sought "substitute testimony from a substitute witness to avoid deposing and confronting central figure and offender.") But lawyers

> "are not guarantors of a favorable outcome in litigation," and their reasonable strategic decisions made in the course of representing a client do not amount to malpractice. *Ayala v. Fischman*, 2001 U.S. Dist. LEXIS 19761 at *4 (S.D.N.Y. Nov. 26, 2001); *see also Morrison Cohen Singer & Weinstein v. Schwartz*, 1995 U.S. Dist. LEXIS 4553 at *3 (S.D.N.Y. Apr. 10, 1995) ("Reasonable judgments about trial strategy do not constitute negligence or malpractice."); *Rosner v. Paley*, 481 N.E.2d 553 (N.Y. 1985) ("Selection of one among several reasonable courses of action does not constitute malpractice.").

*Rubens v. Mason*, 417 F. Supp. 2d 262, 272 (S.D.N.Y. 2006). Plaintiff has pled nothing in her complaint that would suggest that counsel's decisions were anything other than "reasonable judgments about trial strategy." *Schwartz*, 1995 U.S. Dist. LEXIS 4553 at *3.

Finally, to the extent that Plaintiff has pled that she suffered any injury–and if she has it is far from certain what she claims that injury to be–she has failed to allege *any* facts that demonstrate that counsel's putative negligence caused her any injury. Specifically,

> [u]nder District of Columbia law, to succeed in a legal malpractice action one must prove that the underlying cause of action would have been successful absent the alleged malpractice.

*Edelberg v. Roberts*, 2005 U.S. Dist. LEXIS 8055, 11-12 (D.D.C. 2005). To do this, a

> plaintiff must demonstrate not only that the alleged malpractice was the proximate cause of the injury suffered, but also that the action for which the plaintiff had sought the attorney's services was a good cause of action. Thus, the Court must evaluate the so-called 'case within the case' to determine if it was a good cause of action. If the case within the case was not a good cause of action, then the claim of professional malpractice must fail. *This standard requires a plaintiff to demonstrate that his underlying case would have succeeded absent the alleged malpractice.*

*Id.* (emphasis added), citing *Macktal v. Garde*, 111 F. Supp. 2d 18, 21 (D.D.C. 2000).

Here, Plaintiff has alleged *no facts* that would demonstrate that her underlying claim would have succeeded but for counsel's putative negligence. Her obligation is to demonstrate that her case was a "good cause of action" and to "adequately allege facts which, if proven, would establish that [she] would have succeeded in that action absent [counsel's] alleged negligence." *Edelberg v. Roberts*, 2005 U.S. Dist. LEXIS 8055, 11-12. Nowhere in her amended complaint does Plaintiff even come close to alleging a scenario by which, but for counsel's purported "negligence (breach of standard of care), fiduciary obligations and breach, breach of contract, breach of contract with fraudulent act, fraud or deceit, constructive fraud, bad faith and judgmental liability such as research and investigation" (Pl. Compl. preamble) she would have been able to survive summary judgment and prevail at trial.

Monday-morning quarterbacking–counsel could have done this or should have done that–is not the stuff of which legal malpractice cases can be made. To state a claim for legal malpractice, a plaintiff must do more than question a strategic decision counsel made. She must identify where counsel fell short of the applicable standard of care and, critically, she must show how that breach compromised her case. Thus, for example, in *Edelberg*, the plaintiffs alleged that counsel should have but failed to advise them of the dismissal of a complaint they had

pending in another forum; the plaintiffs alleged that they never would have agreed to settle their suit had they known the other complaint had been dismissed. *Id*. at \*11.  The court held these allegation sufficient to state a claim for legal malpractice–the plaintiffs alleged that counsel had a duty to advise them of the status of the related litigation, that counsel failed to inform them that that case had been dismissed and that as a consequence of that failure, plaintiffs settled their lawsuit for far less than they would have sought had they known the case had been dismissed.

Here, in contrast, Plaintiff has not come close to raising legally sufficient allegations. Foremost, she failed to allege any specific instance where counsel's conduct was other than reasonable judgments about trial strategy.  But even if she had alleged conduct that putatively fell below the applicable standard of care, she has not even begun to identify how she would have been able to survive summary judgment and prevail at trial.  Absent such an allegation, she has not stated a viable claim for legal malpractice under District of Columbia law.

To be sure, courts hold the allegations of the pro se complaint to a less stringent standard than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (U.S. 1972).  But Plaintiff is a lawyer and thus she is entitled to no such lenity.  *See Richards v. Duke Univ*., 480 F. Supp. 2d 222, 234 (D.D.C. 2007) ("[P] laintiff is an attorney [and thus] is not automatically subject to the very liberal standards afforded to a non-attorney pro se plaintiff because an attorney is presumed to have a knowledge of the legal system and need[s] less protections from the court."). She is obligated to allege–not in broad, sweeping terms but instead in an intelligible manner with a certain degree of specificity–facts that demonstrate what the applicable standard of care was, how that standard was breached, what injury she suffered, and how that putative injury was the proximate cause of the alleged breach.  Plaintiff has utterly failed to meet this standard and, accordingly, her complaint must be dismissed.

**3. Conclusion**

      For the foregoing reasons, Plaintiff's complaint fails to state a claim upon which relief may be granted and, accordingly, it must be dismissed.

                                            Respectfully submitted,

                                            _____s/_____
                                            Adrienne M. Tranel (502502)
                                            Kator, Parks & Weiser, PLLC
                                            1200 18th Street, Suite 1000
                                            Washington, DC 20036
                                            (202) 898-4800

March 21, 2008                                     Attorney for Defendants