# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA
# 333 CONSTITUTION AVENUE, NW
# WASHINGTON, DC 20001

IRIS WOOD

     Plaintiff

Michael L. Buesgens

     Intervener

V.

                       Civil No.

                       **1:07CV01597-RMU**

IRVING KATOR,
GUARDIAN
KATOR, PARKS, WEISER
AUSTIN, TEXAS
WASHINGTON, D.C., et al.

     Defendants

**RECEIVED**

APR 2 2 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## INTERVENER BUESGENS
## MOTION TO INTERVENE

In accordance with Fed. R. Civ. P., Rules:

24 (a) (2)
24 (b) (1) (B)

Plaintiff Iris Wood misconduct complaints against Irving Kator, et al. are not implausible and are not speculative allegations.

Kator, Parks & Weiser have suggested that they must make a guess. About what the complaint is.

The fact is the Kator's don't want to know what Plaintiff Wood complaint is.

Irving Kator doesn't want to know what Intervener Buesgens complaint is about.

Kator's play games do the run around. Hide out change partners. Work their version of Intervener Buesgens due process rights, and gets a better settlement.

## SEE THE FOLLOWING MISCONDUCT:

Judge Ellen S. Huvelle and Irving Kator and Jeffrey A. Taylor collusive conspiracy denied Buesgens motion to intervene in No. 1:04CV01056ESH.

Buesgens motion to intervene won an easier larger settlement for the Kator's.

2

Intervener Buesgens filed appeal No. 07-5295.
Irving Kator became the guardian. Kator never made
an appearance. Court staff and personnel U. S.
Attorney office participated in dismissals.

Intervener Buesgens has been denied justice.
Plaintiff Wood has been denied justice. Irving
Kator, Kator, Parks, Weiser, Washington, DC and
Austin, Texas has liability.

Intervener Buesgens has an interest in the
property and transaction. Intervener Buesgens
interests are not protected.

Irving Kator refused to represent Intervener.
Buesgens in civil No. 1:05CV00243SS. Kator sent
Buesgens two letters of denial in 2005 and 2006.

Civil No. 1:05CV00243SS became appeal
No. 07-5295

U.S. Court of Appeals for the District of Columbia

Court Staff and personnel changed appeal
No. 07-5925 to lower case number to 1:06CV01558RCL

## KATOR'S HAVE THEIR OWN JUSTICE SYSTEM.

## COMPROMISED SETTLEMENT AND DENIAL OF HEARING

## IRVING KATOR, GUARDIAN et al. COLLUDED TO

## DENY HEARING ON THE SUBSTANTIVE ISSUES FOR

## BUESGENS MOTION TO INTERVENE

For Example:

See Civil No. 1:04CV01056-ESH
Michael L. Buesgens, Intervener
Irving Kator, Attorney

Irving Kator, Attorney, Guardian
Becomes Irving Kator, Guardian, Attorney
No Appearance by the Guardian or the Attorney
U.S. Attorneys taking care of Irving Kator
Compromised settlement

For Appeal No. 07-5295

Intervener Buesgens has evidence of wrongdoing by
the Kator's, et al.
1. Collusion with U.S. Attorneys-Settlement

2. Collusion with Neal Lee Presant, MD, IME
   Medical Director-Presant liability
   Federal Occupational Health Services-FOHS
   Doctors for Federal Agency Employees

   Michael L. Buesgens, IRS
   Peter W. Pantazes, HUD

3. **Irving Kator**, Unlawful Practices
   Conflict of Interest
   Conflict with **Legal Duties owed**
   To non clients and clients
   **Guardian-07-5295**
   **Attorney-1:04CV01056-ESH**

4. **Irving Kator** taking care of himself first

4. **Irving Kator** consciously set about to **deny**
   Intervener Buesgens Due Process Rights

5. **See Irving Kator** becomes **Guardian** after Buesgens
   files Motion to Intervene and Appeal of Motion
   To Intervene-Appeal No. **07-5295**

6. **See** how U.S. Attorney Jeffrey A. Taylor **colludes**
   In this **breach of legal duty owed** to Buesgens

7. **See** Judge Huvelle **collusion** and **support** in this
   **SAME** farce

8. **See** court docketing clerks and supervisors
   ACTIVE **participation** in this SAME **fraud**

9. **Look** at the court staff intentional **refusal** to
   Docket Buesgens court filings

10. **See** court staff **intentional** docketing **date**
    Errors


   **Intervener Buesgens has Evidence that supports**

**Plaintiff Wood complaints against Kator's**

**Civil No. 1:07CV01597-RMU**

5

## Evidence of Kator's wrongdoing in the public

## Record

Intervener Buesgens **moves this court** for

**judicial notice** of easily verifiable **facts**.

**Records** located at the U. S. District court and

U. S. Court of appeals for the District of

Columbia.

## See the court filings:

Civil No. <u>1:04CV01056-ESH</u>

Appeal No. <u>07-5295</u>

Plaintiff Wood and Intervener Buesgens have the

**same** complaints and **same** parties.

1. Discrimination-EEO Complaints

2. Kator's Failure to represent and breach of legal

   Duty owed

3. **Irving Kator**, Attorney

4. **Irving Kator**, Guardian

6

5. **Kator, Parks, Weiser Offices**

   **Washington, D.C.**
   **Austin, Texas**

   Buesgens additional **fraud** and **breach of legal**

duty **owed** complaints against the **Kator's**


**Directly related to the misconduct that occurred in**

**the following**:

1. Civil No. 1:05CV00243SS-**KATOR**

2. Appeal No. 07-5011-**KATOR**

3. Civil No. 1:04CV01056-ESH-**KATOR**

4. Appeal No. 07-5295-**KATOR**

   **All related** to civil No. **1:07CV01597-RMU-KATOR**

Iris Wood

**V.**

**Irving Kator, Attorney, Guardian**
Michael Kator, Attorney
Cathy Harris, Attorney
David Weiser, Attorney
Kator, Parks, Weiser, PLLC
**Washington, D.C.**
**Austin, Texas**

7

Respectfully Submitted,

Michael L. Buesgens
Former IRS Employee
April 19, 2008

## CERTIFICATE OF SERVICE

I certify that one true copy of this motion to intervene was served by priority mail, delivery Confirmation on this 21st day of April, 2008, Addressed to the following:

1. **Iris Wood, Plaintiff**
   110 Main Street
   P.O. Box 1200
   Lamar, South Carolina 29069-1200

2. **Neal Lee Presant, MD, IME**
   Medical Director
   Peter W. Pantazes, Former **HUD** Employee
   Irving Kator, **Guardian**, **Attorney**
   Federal Occupational Health Services-**FOHS**
   4550 Montgomery Blvd, Suite 950
   Bethesda, Maryland 20814

3. **Irving Kator, Guardian**
   Adrienne Tranel, Attorney
   David Weiser, Attorney
   Kator, Parks, Weiser, PLLC
   1020 19th Street, NW, Suite 350
   Washington, D.C. 20036

8

4. **Jeffrey A. Taylor**
   U.S. Attorney
   Pat S. Genis, AUSA
   Civil No. 1:07CV00859-RBW
   Civil No. 1:06CV01964RBW
   Civil No. 2:06CV00864-PHX-FJM-Phoenix, Az
   U.S. Attorney Office
   555 Fourth Street, NW
   Washington, DC 20530

                    Michael L. Buesgens
                    Former IRS Employee
                         Intervener

                    Mailing Address:
        3112 Windsor Rd., Suite A322
                 Austin, Texas 78703
            Phone: 512-339-6005X7958
      Email: mikebuesgens@hotmail.com
                      April 19, 2008

**9**

# EXHIBITS

1. **Civil No. 1:07CV01597-RMU**

   **Irving Kator, Attorney**

2. **Civil No. 1:04CV01056-ESH**

   **Irving Kator, Attorney**

   **Neal Lee Presant, MD, IME-FOHS**

   **Jeffrey A. Taylor, U.S. Attorney**

3. **Appeal No. 07-5925**

   **Irving Kator,Guardian-Where?**

4. **Appeal No. 07-5011**

   **Civil No. 1:05CV00243SS**

   **Irving Kator**

   **Kator, Parks, Wieser, PLLC**

   **Washington, D.C.**

   **Austin, Texas**

5. **2:06CV00864-PHX-FJM**

   **U.S. Attorneys Offices Nationwide**

   **Neal Lee Presant, MD, IME**

# INTERVENERS EXHIBIT NO. 1

**FILED**

SEP - 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IRIS WOOD,                                              )
      **Plaintiff,** *Pro Se*                          )
      110 Main St. 29069-9755                      )
      P.O. Box 1200
      Lamar, S.C. 29069-1200
      803-484-6518

Case: 1:07-cv-01597
Assigned To : Urbina, Ricardo M.
Assign. Date : 9/7/2007
Description: PI/Malpractice

      v.

      (JURY TRIAL)

IRVING KATOR, MICHAEL KATOR,            )
CATHY A. HARRIS,                             )
      Kator, Parks & Weiser, PLLC,            )
      (previously known under other           )
      law firm names)                         )
      **Defendants**                          )
      1020 19th St, N.W., Suite 350           )
      Washington, D.C. 20036                  )
      202-898-4800                            )

*JURY ACTION*

9/7/2007

## COMPLAINT

This civil cause of action is brought pursuant to common law and statutory

authority in the District of Columbia, as approved by the Courts, District of Columbia

Council, and/or the U.S. Congress. It includes (but is not limited to) liability arising from

misfeasance, malfeasance, and/or nonfeasance illuminated by the District of Columbia

Bar Rules, Rules of Professional Conduct (amended), Appendix A, and the District of

Columbia Code. Pro se Plaintiff, Iris Wood, files this action timely for professional

malpractice (negligent and intentional torts, contractual violations including but not

limited to disputed fee agreements) against defendants: (a) Irving Kator, (b) Michael

Kator, (c) Cathy A. Harris, (d) the law firm of Kator, Parks & Weiser, PLLC, and (e) prior

law firms. In support of this action, plaintiff avers the following:

1. Plaintiff, *Pro Se,* is Iris Wood, whose address is P.O. Box 1200, Lamar, S.C. 29069-1200.

2. Five (or more as may be developed) Defendants, Irving Kator, Michael Kator, Cathy A. Harris, and Kator, Parks & Weiser, PLLC (previously known under the names of other law firms at other addresses in Washington, D.C., since 1993), have at all times pertinent been and are attorneys licensed to practice law in the District of Columbia. Defendants maintain a current office for the purpose of practicing law at 1020 19th St, N.W., Suite 350, Washington, D.C. 20036. AND IN AUSTIN, TEXAS

3. This case involves minimum damages of $500,000, diversity of citizenship, federal question, and a federal entity.

4. Between 1993 and 2006 the plaintiff employed defendants to represent her with regard to employment matters involving the Library of Congress in Washington, D.C. Various written agreements of representation (drafted by defendants) were executed by plaintiff and defendants between 1993 and 2006, under which defendants agreed to begin and continue to represent plaintiff.

5. As a result of the attorney-client relationship created by the above parties, defendants had a duty to represent plaintiff with the reasonable care, skill, and diligence possessed and exercised by the ordinary attorney in similar circumstances.

6. As a result of the attorney-client relationship created by the above parties, defendants, who held themselves out to the public as possessing greater than

ordinary knowledge and skill in the field of employment law and cases, had a duty to represent plaintiff with the reasonable care, skill, and diligence ordinarily possessed and exercised by attorneys specializing in the field of employment law and cases, under similar circumstances.

7. As a result of the attorney-client relationship created by the above parties, defendants, who held themselves out to the public as possessing greater than ordinary knowledge and skill in litigation and trial work, had a duty to represent plaintiff with the reasonable care, skill, and diligence ordinarily possessed and exercised by attorneys specializing in litigation and trial work, under similar circumstances.

8. The breaches of contract, unlawful practices, and tortuous conduct complained of in this complaint occurred in the District of Columbia.

*UNLAWFUL PRACTICES*

9. Plaintiff requests immediate thorough disgorgement of all her case files and papers upon receipt of this complaint. Plaintiff will seek leave to amend this complaint after appropriate time to obtain and review those files previously withheld. Several verbal and written requests to defendants for return of papers and files have met with delays and denials.

10. The Plaintiff's 1st Affidavit contemporaneously filed is incorporated by reference herein. Defendants consciously set about to "manage" this case to some compromised settlement, and lacked genuine intent to energetically litigate. In doing so they neglected to depose several highly probative witnesses known to them, and incompetently conducted collusive discovery with the adverse witnesses in which they did come in contact. Defendants

*CONSCIOUSLY*

*COLLUSIVE DISCOVERY*

thus failed to represent this plaintiff with the zeal and intellectual energy the minimal professional standards applicable required. For the foregoing and other reasons to be elaborated, plaintiff's suit was dismissed, and plaintiff was denied a hearing and jury trial and relief on the basis of her claims.

**DENIED A HEARING**

11. Defendants' conduct on behalf of plaintiff was a breach of defendants' duty to exercise reasonable care, skill, and diligence on plaintiff's behalf (as attorneys and as specialists in litigation, trial work, and employment law and employment cases).

12. The defendants perpetrated to the plaintiff's detriment negligent and intentional torts, plus contractual violations including but not limited to disputed fee agreements. As a result of defendants' breaches of contracts and negligent behaviors of omission and commission, plaintiff sustained emotional injuries and monetary losses. Specifically, plaintiff's injuries include, but are not limited to, the loss of an award and the interest that plaintiff would have recovered but for the defendant's negligence. The ad damnum is $500,000.

**INJURIES**

**DAMAGES**

13. The damages sustained by plaintiff were proximately caused by defendants' breach of duty as set forth herein (under tort & contract). Plaintiff committed no acts of negligence that contributed to her damages.

14. The Plaintiff's 1st Affidavit contemporaneously filed is incorporated by reference herein. Defendants consciously set about to "manage" this case to some compromised settlement, and lacked genuine intent to energetically litigate. In doing so they neglected to depose several highly probative

**SETTLEMENT**

**LACK OF INTENT TO LITIGATE**

4

witnesses known to them, and incompetently conducted collusive discovery
with the adverse witnesses they did come in contact with. Defendants thus
failed to represent this plaintiff with the zeal and intellectual energy the
minimal professional standards applicable required. For the foregoing and
other reasons to be elaborated, plaintiff's suit was dismissed, and plaintiff was
denied a hearing and jury trial and relief on the basis of her claims. Therefore,
plaintiff seeks exemplary damages for such conduct on the part of defendants,
in the amount of $1,000,000.

15. Solely as a result of defendants' breaches of contract and negligence, plaintiff
has been damaged in the amount to be proven at trial ($500,000.00
compensatory, $1,000,000 exemplary) plus the costs of this suit and all fees
and expenses already paid by plaintiff.

16. Plaintiff also requests any and all other relief legal and equitable to which the
Court may find her entitled.

Dated: September 6, 2007

Respectfully submitted,

Iris Wood, Plaintiff *Pro Se*

Plaintiff's 1st Affidavit Is Attached.

*[handwritten annotations: "Collusive"; "LEGAL EQUITABLE RELIEF"; "1:07CV01597-RMU 9/7/2007 IRVING KATOR - GUARDIAN - ATTORNEY"]*

5

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IRIS WOOD, )
)
    **Plaintiff,** *Pro Se* )
)
v. )
)
IRVING KATOR, MICHAEL KATOR, )
CATHY A. HARRIS, )
Kator, Parks & Weiser, PLLC, )
(previously known under other )
law firm names) )
)
    **Defendants** )

Civil Action No. 07-1597 (RMU)
(JURY TRIAL)

3/4/2008

## AMENDMENT TO COMPLAINT

    Plaintiff, pro se, amends the original complaint with 1st Affidavit pursuant to Rule 15(a) of the Federal Rules of Civil Procedure as follows:

    Having established the element of attorney-client relationship and the duty a lawyer owes a client as derived from contract as well as implied by law, requiring a lawyer to exercise the competence and diligence normally exercised by lawyers in similar circumstances, it is noted legal malpractice embraces statutes as well as common law negligence (breach of standard of care), fiduciary obligations and breach, breach of contract, breach of contract with fraudulent act, fraud or deceit, constructive fraud, bad faith, and judgmental liability such as research and investigation.

## CAUSE OF ACTION
### (Legal Malpractice Negligence)

1.    Plaintiff is informed and believes that Defendant Attorneys, Defendants' Law Firm, and all members of Defendants' Law Firm, jointly and severally, were negligent, grossly negligent, willful, wanton, reckless, and careless, in the following particulars, including but not limited to:

    a.  In failing to handle Plaintiff's case in a timely manner.
    b.  By failing to keep Plaintiff fully informed and advised.

c.  By neglecting Plaintiff's case.

d.  By charging fees they did not properly earn.

e.  In failing to properly investigate, develop, and discover evidence.

f.  In failing to do proper research such as the AFSCME Union case.

g.  In failing to properly monitor Plaintiff's EEO case.

h.  In failing to properly question witnesses or potential witnesses.

i.  In failing to depose pertinent witnesses including the main witness in fall 2004, plaintiff's boss and offender (who committed battery against plaintiff) in an employment case, after being ordered by the district court judge to continue with the case.

j.  In failing to be truthful to plaintiff about deposing witnesses.

k.  In failing to obtain pertinent documents during Discovery in summer 2004 pertaining to employment, pay, and promotions in plaintiff's office to investigate disparate treatment, pay, and promotion.

l.  In failing to inform plaintiff about omissions in Discovery so plaintiff learned only after asking for the documents in fall 2004, after September 2004.

m.  For seeking substitute Discovery such as broad, barely pertinent, points from employer about treatment of women while neglecting specific and pertinent information relating to plaintiff's case, plaintiff's office (see focus of judge's decision on plaintiff's office), and her offenders.

n.  For seeking substitute testimony from a substitute witness to avoid deposing and confronting central figure and offender in employment case.

o.  For failing to be truthful with plaintiff about confronting and deposing major witness in case.

p.  For failing to be truthful with plaintiff about failure to adequately depose witnesses.

q.  Defendant demonstrated judgmental liability with failures, omissions, neglect, and improper acts such as failure to depose the main witness, to investigate evidence, or thoroughly research cases.

r.  Defendants violated their fiduciary duty to plaintiff with each and every failure, omission, neglect, and improper act.

s.  Defendant acted in bad faith with every willful failure, omission, neglect, and improper act.

2.  Due to and as a direct and proximate result of the negligent, grossly negligent, willful, wanton, careless, and reckless actions and omissions of the Defendants, jointly and severally, particularly described above and in the original complaint and 1st Affidavit, plaintiff suffered damages, including the loss of causes of action against her employer including but not limited to lost salary and wages, lost earning capacity in the past and future, and including leverage for settlement, which would have resulted in plaintiff obtaining a substantial amount of money by way of settlement or monetary judgment.

2

## CAUSE OF ACTION
### (Legal Malpractice Contract)

3.　　Various contracts were entered into by plaintiff and defendants between 1993 and 2006. Breach and unjustifiable failure to perform the contracts occurred, in the following particulars, including but not limited to:

a.　In failing to handle Plaintiff's case in a timely manner.
b.　By failing to keep Plaintiff fully informed and advised.
c.　By neglecting Plaintiff's case.
d.　By charging fees they did not properly earn.
e.　In failing to properly investigate, develop, and discover evidence.
f.　In failing to do proper research such as the AFSCME Union case.
g.　In failing to properly monitor Plaintiff's EEO case.
h.　In failing to properly question witnesses or potential witnesses.
i.　In failing to depose pertinent witnesses including the main witness in fall 2004, plaintiff's boss and offender (who committed battery against plaintiff) in an employment case, after being ordered by the district court judge to continue with the case.
j.　In failing to be truthful to plaintiff about deposing witnesses.
k.　In failing to obtain pertinent documents during Discovery in summer 2004 pertaining to employment, pay, and promotions in plaintiff's office to investigate disparate treatment, pay, and promotion.
l.　In failing to inform plaintiff about omissions in Discovery in 2004 so plaintiff learned only after asking for the documents in fall 2004, after September 2004.
m.　For seeking substitute Discovery such as broad, barely pertinent, points from employer about treatment of women while neglecting specific and pertinent information relating to plaintiff's case, plaintiff's office (see focus of judge's decision on plaintiff's office), and her offenders.
n.　For seeking substitute testimony from a substitute witness to avoid deposing and confronting central figure and offender in employment case
o.　For failing to be truthful with plaintiff about confronting and deposing major witness in case.
p.　For failing to be truthful with plaintiff about failure to adequately depose witnesses.
q.　Defendant demonstrated judgmental liability with failures, omissions, neglect, and improper acts such as failure to depose the main witness, to investigate evidence, or thoroughly research cases.
r.　Defendants violated their fiduciary duty to plaintiff with each and every failure, omission, neglect, and improper act.
s.　Defendant acted in bad faith with every willful failure, omission, neglect, and improper act.

JUDGMENTAL LIABILITY

ACTED IN BAD FAITH

3

Case 1:07-cv-01597-RMU    Document 8-2    Filed 02/04/2008    Page 4 of 4

4.    Due to and as a direct and proximate result of the breach of and unjustifiable failure to perform the contracts, actions and omissions of the Defendants, jointly and severally, particularly described above and in the original complaint and 1st Affidavit, plaintiff suffered damages including the loss of causes of action against her employer and leverage for settlement which would have resulted in plaintiff obtaining a substantial amount of money by way of settlement or monetary judgment.

## CAUSE OF ACTION
### (Disgorgement of Fees)

5.    Defendants charged plaintiff fees in the amount of approximately $50,000.00 to prosecute causes of action and appeals regarding employment matters.

6.    Defendants failed to perform the services vigorously, professionally, correctly, responsibly, truthfully, or properly, due to and as a direct and proximate result of the breach of and unjustifiable failure to perform the contracts and due to their negligent, grossly negligent, willful, wanton and reckless actions and omissions.

7.    Plaintiff is entitled to have fees she paid to Defendants returned.

8.    The question of proximate cause is one for the jury.

9.    Plaintiff is informed and believes she is entitled to judgment against the Defendants, jointly and severally, for actual damages, for such punitive damages as may be assessed by the jury, for the costs of this action, and for such other and further relief as the court and jury may deem just and proper.

10.    Plaintiff demands a jury trial.

    WHEREFORE, having complained of the Defendants, Plaintiff demands a jury trial and prays for judgment against the Defendants, jointly and severally, for actual and punitive damages in an amount to be determined by a jury, costs of this action, and for such other and further relief as this Court and jury deems just and proper.

Dated: January 30, 2008

Respectfully submitted,

Iris Wood, Plaintiff *Pro Se*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**RECEIVED**

MAR 0 ᵔ 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| IRIS WOOD, | ) |
| | ) |
| **Plaintiff,** *Pro Se* | ) |
| | ) |
| v. | ) |
| | ) |
| IRVING KATOR, MICHAEL KATOR, | ) |
| CATHY A. HARRIS, | ) |
| Kator, Parks & Weiser, PLLC, | ) |
| (previously known under other | ) |
| law firm names) | ) |
| | ) |
| **Defendants** | ) |

Civil Action No. No. 07-1597 (RMU)
(JURY TRIAL DEMANDED)

3/6/2008

### OPPOSITION TO DEFENDANTS' FEBRUARY 2008 REPLY

Plaintiff, pro se, opposes and responds herein to defendants' February 2008 Reply under FRCP 12(b)(6) alleging failure to state a claim upon which relief can be granted.

Plaintiff, pro se, denies defendants allegations that plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff, pro se, submits herein a Response and a proposed Order Denying Motion to Dismiss.

Dated: March 5, 2008

Respectfully submitted,

*Iris Wood*

Iris Wood, Plaintiff *Pro Se*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IRIS WOOD, <br><br> Plaintiff, *Pro Se* <br><br> v. <br><br> IRVING KATOR, MICHAEL KATOR, <br> CATHY A. HARRIS, <br> Kator, Parks & Weiser, PLLC, <br> (previously known under other <br> law firm names) <br><br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No. No. 07-1597 (RMU)
(JURY TRIAL DEMANDED)

✓

3/6/2008

## OPPOSITION AND RESPONSE TO DEFENDANTS' FEBRUARY 2008 REPLY

Plaintiff, pro se, opposes and responds herein to defendants' February 2008 Reply under FRCP 12(b)(6) alleging failure to state a claim upon which relief can be granted.

Plaintiff, pro se, opposes and denies defendants allegations that plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff, pro se, submits herein a Response and a proposed Order Denying Motion to Dismiss.

Defendants based their argument largely on holdings in <u>Richards v. Duke University</u>, 480 F.Supp.2d 222 (D.D.C. 2007) which does not apply to this case on any point.  *DOES NOT APPLY*

The court in <u>Richards</u> based its ruling and holdings for dismissal upon the following issues:

1- lack of jurisdiction over parties,
2- lack of subject matter jurisdiction,
3- statute of limitations, and
4- unprotected rights.

The court explained that the subject matters of Richards' claims are fantastic and patently insubstantial under F.R.C.P. Rule 12(b)(1). <u>Richards</u>, page 222, 224.

The court in O'Connor v. U.S., 159 F.R.D., 22, 23 (D.Md.1994), also cited in Richards at p 234, found lack of subject matter jurisdiction over the complaint when it held that a frivolous and patently unsubstantial complaint may be dismissed for lack of subject-matter jurisdiction under FRCP 12(b)(1). See similar conclusion in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

No jury considers the subject matter of legal malpractice to be frivolous or fantastic, as claimed by defendants. Juries consisting of women and minorities do not consider civil rights employment issues to be frivolous or fantastic.

Failure to act is the kind of care and skill in malpractice cases that can be found within the jury's "common knowledge" without expert testimony. O'Neil v. Bergan, No. 81-1034, District of Columbia Court of Appeals, 452 A.2d 337, 1982. The current case here falls within the "common knowledge" exception to the expert testimony requirement for repeated failure to act by defendants; certainly not frivolous or fantastic.

The decision by the Richards' court per 12(b)(6) rested upon plaintiff's claim as "time-barred" at page 237.

The court's final holdings at page 222, Richards case, make no reference to the plaintiff's pro se or professional status and, therefore, such comments should be considered no more than dictum.

In dictum the court found she had not plead the specificity of fraud as required under D.C. law at page 237. Even as dictum the case is not applicable here because any jury would find pro se plaintiff has shown basic elements of simple or willful negligence under both tort and contract law as required under D.C. law, including existence of attorney-client relationship; breach of duty by attorney defendants, and proximate cause of harm and damages to plaintiff.

In the current case, plaintiff's complaints, and affidavits in support of complaints, are all presented as evidence and are replete with facts which support clear examples of negligence and demonstrate defendants' breach of professional duty. Richards, page 224.

They would convince any jury of a prima facie case of professional negligence.

A jury would see that pro se plaintiff has made out her claims and causes of action in negligence upon which relief can be granted.

Furthermore, in Richards at page 235, the court concluded that plaintiff was a knowledgeable attorney. The undersigned pro se plaintiff certifies that she is NOT experienced or expert in matters of court litigation or legal malpractice. Reference plaintiff's evidence and pleadings in this case.

In addition, the presiding judge in this case himself concluded the undersigned pro se plaintiff suffers sufficient mental deficiencies to exclude this pro se plaintiff from

working even in her experienced area of administrative law years ago based upon mental findings. Reference District Court Decision, June 2005.

A judge would be hard put to hold plaintiff to the standards of a practicing expert in litigation, legal malpractice, or civil rights law while separating her from her own specialty in law 10 years ago.

Besides their elementary legal work, defendants have been so unprofessional as to exclude most case cites of print sources in their Motion to Dismiss, in a shoddy effort to undercut pro se plaintiff.

Then defendants intentionally violated procedures pertaining to pro se parties by failing to mail copies of pleadings and notices consistently to pro se plaintiff, failing to notify plaintiff of changes, and, therefore, failing to provide proper certificate of service. Failing to mail notices and copies was intentional. Plaintiff is still awaiting some copies in the mail.

Defendants' major attack has been to scold and guilt-trip a citizen for filing a claim pro se because they have nothing else. Defendants want to order pro se plaintiff out of the courthouse; order her to hire an attorney to decipher the 10+ years of "strategy" by defendants. If defendants don't wish to work with citizens at the courthouse then maybe they should reconsider their work.

Ironically, defendants chastise plaintiff for representing herself when they have foregone representation by their malpractice insurance carrier in order to represent themselves. Is that the kettle calling the pot black? No doubt the presiding federal judge feels cursed, at least frustrated. Never thought I would feel sorry for a federal judge.

Defendants' legal work and arguments are so elementary in their own case; it provides evidence of their inept legal work in their and my case.

These are defendants' only tools. They have nothing more than elementary demands for dismissal, with general arguments used against all pro se plaintiffs, hoping the judge will take up a torch against a pro se plaintiff's demand for a jury trial.

Defendants show no better legal skills in their own case than they showed in plaintiff's case. They demonstrate poor, elementary legal work and forced arguments laced with tricks. Maybe it is defendants who should take leave of the court.

Defendants' only alternative is to invite a federal judge to punish a pro se plaintiff and deny yet another citizen a jury trial.

We should have a right to be heard before a jury of our peers. Men and women have died for our right to be heard. Is it justice or Just Us?

Contrary to instructions from the Supreme Court in <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (U.S. 1972), this court deals more harshly with a pro se plaintiff than with those admitted to practice law in this court. Case in point, herein.

The local Bar is allowed to intentionally modify certificate of process procedures, without notice, as they choose, as a prelude, but pro se plaintiff is not allowed an inadvertent error. The court held up pro se plaintiff's motion for a week, causing plaintiff to inquire for <u>5 days</u> before notifying plaintiff, for a chance to dismiss the case and prevent redress. In contrast, members of the local Bar were notified immediately, within <u>one day</u>, when their request was only reduced, so they would have more than a week's notice and could be prepared, in contrast to pro se party.

Pro se procedures have been used to thwart plaintiff's access to the courts and a jury trial. While the write-up in the docket was longer for members of the local Bar, punishment for the local Bar members was less. Likewise, punishment for the pro se party attempting to resolve a procedural matter, albeit mistaken, was severe.

<u>O'Neil v. Bergan</u>, No. 81-1034, District of Columbia Court of Appeals, 452 A.2d 337, 1982, provides instruction on the need for expert witnesses in a jury trial as it relates to legal malpractice and other aspects of professional malpractice in the District of Columbia.

<u>O'Neil</u> explains the liability of an attorney for failure to properly perform his or her duties is governed by the same general standard of care in the District of Columbia whether a complaint is based upon tort or breach of contract.

The "reasonable skill" promised in an implied agreement is the same as the "reasonable skill" which an attorney must display to avoid tort liability, per <u>O'Neil</u>.

The RULES OF PROFESSIONAL CONDUCT, D.C. Bar Appx. A (2007) (Amended by D.C. Court of Appeals, effective February 1, 2007) as well as <u>Restatement</u>, may be used as standards for evaluating professional conduct in the District of Columbia.

The elements of an action for professional negligence are the same as those of ordinary negligence in the District of Columbia. According to <u>O'Neil</u>, plaintiff is allowed to present evidence that establishes the standard of care, ie, what is reasonable care under the circumstances, including what are similar circumstances with special training and experience.

Where doctor's or attorney's lack of care and skill is not so obvious that the trier of fact could have found negligence as a matter of common knowledge (which is usually "failure" to act), plaintiff is required to present expert testimony establishing the standard of care during trial in the District of Columbia (<u>O'Neil</u> case).

There are two exceptions to the requirement for expert testimony during trial. One is in the matter of common knowledge (<u>O'Neil</u> above), usually "failure" to act by the

4

professional, and the other may apply to bench trial if the standard of care is recognized by the trial court which is familiar with the standards of practice in its locality.

Plaintiff looks forward to the opportunity to assess the need for expert testimony during jury trial. Defendants should be concerned about finding a strong expert witness who will condone their failures and omissions.

It is noted defendants claim much credit for an interview of the main witness more than 10 years ago. However, plaintiff considers that meeting to be more evidence of defendants' progressive "failures" in her case and looks forward to deposing her boss, John Kominski, since defendants refused to do so. Defendants have not denied refusing to depose plaintiff's boss and the veteran manager, John Kominski, in her employment case.

At the root of the problem is a progression of failures by defendants where less expensive forms of discovery should have been emphasized such as requests for admissions, requests for production of documents, and interrogatories, before depositions in 2004. Defendants failed to do this complete groundwork before depositions as part of their professional responsibilities and lawyerly duties during discovery and during years of development of the case. For example, omissions include development of the original EEO claims over many years instead of nearly every meeting being only about settlement.

They had years to do these things and there is no excuse.

I was expert in my field and prevailed in nearly every project. My credentials and skills supported the double promotion of the male on my team from a GS-905-14 to a coveted GM-905-15 when he was minimally qualified with virtually no supervisory or management experience AND I WAS HELD BACK when I was probably overqualified. Nice work (for him), if you can get it.

I may be a "pioneer" as part of the first group of women in my profession but I'm also conservative. With regard to court work, litigation, and other specialties, I felt inadequate and deferred to the older and/or more experienced defendants when I needed help plus I had to move away due to loss of my salary.

Then I felt betrayed by my own colleagues whom I trusted. AFTER they attempted to WITHDRAW in 2004 (after DESIGNING the long drawn out "strategy" in my case where my 5-year "constructive termination" was ignored and turned into 10 years), I began to notice problems. I asked for personnel documents in my employment case (about promotions, pay, & punishment in my division/office), asked for my boss' statements to security about his hitting me, and demanded that my old boss be deposed; yet I came up empty-handed.

During the early years I did what I thought was best in that I gave the defendants my written instructions about any future settlement. I told them in writing that they did

not have authority to settle my case without my express consent and understanding AND my signature.

I regret to have to propose that much of this has been an attempt to get around my written instructions to my attorneys, in a long, long path (set-up) leading to a forced settlement which included deceit to bring it about.

The manipulation of many things, including the dynamics between the two basic parts of my case, the statutory EEO claims and the constitutional procedural claims, the time lines, the excuses and lies, lead me to certain conclusions.

Ignoring the development of my basic EEO claims was profound, gross. The reliance on sterile, procedural constitutional arguments was perplexing. Defendants call it a "strategy." All experienced litigators know that federal judges hate old cases. To quote the presiding judge in both cases, "This old case!" he said from the bench.

At some point a "strategy" passed into "negligence."

One only needs to look at this presiding judge's 2005 decision, which came out only weeks after my husband's death. Judge Urbina says the EEO statutory claims were not strong enough, yet my attorneys ignored much of the development, especially the sex discrimination issues which would have pointed the finger at and focused on our colleagues in the law office; and would have explained a lot of the motivations and time line as events occurred.

I can only conclude that everything was done to bring about one conclusion, a set-up, a forced settlement, and all the details that go with that paradigm, including no intentions to ever litigate the case and more.

I feel betrayed by my own colleagues whom I trusted. I feel betrayed by my profession, by the courts, by the system, when I invested my life in it. After I invested my life since my youth, since before my open-heart surgery for my birth defect, since before I left my blue-collar parents' beloved farm, toward my career, I have now spent 15 years, some of the best years of my life and what should have been the best years of my career, fighting this injustice, where all that my parents and I worked for has been trashed.

Dated: March 5, 2008

Respectfully submitted,

*Iris Wood*

Iris Wood, Plaintiff *Pro Se*

Certificate of Service

I hereby certify that a copy of the foregoing are served by first class mail on:

Adrienne Tranel, Esq
Kator, Parks & Weiser, PLLP
1200 18th Street, NW, Tenth Floor
Washington, DC 20036

Iris Wood, pro se
Date: 3-5-2008

RELATED

IRVING KATOR
ATTORNEY
GUARDIAN
VIOLATIONS
1: 04CV01056 ESH
APPEAL NO. 07-5295

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

## RECEIVED

MAR 1 4 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| **IRIS WOOD,** | ) |
| **Plaintiff, *Pro Se*** | ) |
| **v.** | ) |
| **IRVING KATOR, MICHAEL KATOR,** | ) |
| **CATHY A. HARRIS, KATOR,** | ) |
| **PARKS, & WEISER, PLLC,** | ) |
| **(previously known under other** | ) |
| **law firm names)** | ) |
| **Defendants** | ) |

**Civil Action No. 07-1597 (RMU)**
**(JURY TRIAL DEMANDED)**

3/14/2008

## MOTION FOR LEAVE TO CONSIDER TOGETHER PLAINTIFF'S FIRST

## AMENDMENT TO COMPLAINT AND PLAINTIFF'S ORIGINAL COMPLAINT

## WITH FIRST AFFIDAVIT

Plaintiff, pro se, asks leave of court pursuant to Rules 15(a) and 15(c) of the Federal Rules of Civil Procedure to consider together plaintiff's first amendment to complaint and plaintiff's original complaint with first affidavit, all previously filed by plaintiff in the above-entitled and numbered cause.

The request is sought since plaintiff as pro se intended the two pleadings, plaintiff's original complaint with first affidavit and first amendment to complaint, to be considered together when plaintiff prepared and filed the first amendment to complaint.

The request is sought since claims asserted in the amended pleading arose out of conduct, transactions, and/or occurrences set forth or attempted to be set forth in the original pleading, the original complaint with first affidavit.

The request is sought since justice is required.

Dated March 13, 2008

Respectfully submitted,

Iris Wood, Plaintiff *Pro Se*

Certificate of Service

I hereby certify that a copy of the foregoing are served by first class mail on:

Adrienne Tranel, Esq
Kator, Parks & Weiser, PLLP
1200 18th Street, NW, Tenth Floor
Washington, DC 20036

Iris Wood, pro se

Date: 3/13/2008

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IRIS WOOD,** ) | |
| ) | |
| **Plaintiff,** *Pro Se* ) | |
| ) | |
| **v.** ) | **Civil Action No. 07-1597 (RMU)** |
| ) | **(JURY TRIAL DEMANDED)** |
| **IRVING KATOR, MICHAEL KATOR,** ) | |
| **CATHY A. HARRIS, KATOR,** ) | **3/17/2008** |
| **PARKS, & WEISER, PLLC,** ) | |
| **(previously known under other** ) | **RECEIVED** |
| **law firm names)** ) | |
| ) | **MAR 1 7 2008** |
| **Defendants** ) | |
| ) | **NANCY MAYER WHITTINGTON, CLERK** |
| | **U.S. DISTRICT COURT** |

## MOTION TO AMEND AND ADD TO PLAINTIFF'S MARCH 13-14, 2008, MOTION INCLUDING MOTION FOR PARTIAL RECONSIDERATION OF JUDGE'S MARCH 4, 2008, MINUTE ORDER

Reference Pro Se Plaintiff's Motion dated March 13, 2008, and filed by mail on March 14, 2008. Reference Presiding Judge's Minute Order dated March 4, 2008.

Plaintiff, pro se, requests leave of court to amend and add to plaintiff's prior Motion dated March 13, 2008, and filed by mail on March 14, 2008.

Plaintiff, pro se, requests partial reconsideration of Presiding Judge's Minute Order dated March 4, 2008.

Plaintiff, pro se, requests reconsideration, in part, of Presiding Judge's Minute Order dated March 4, 2008, where the Judge found "the original complaint is now superseded by the amended complaint...."

Plaintiff, pro se, asks the court pursuant to Rules 15(a) and 15(c) of the Federal Rules of Civil Procedure to consider together plaintiff's first amendment to complaint and plaintiff's original complaint with first affidavit, all previously filed by plaintiff in the above-entitled and numbered cause.

The request is sought since plaintiff as pro se intended the pleadings, plaintiff's original complaint with first affidavit and first amendment to complaint, to be considered together when plaintiff prepared and filed the first amendment to complaint.

The request for consolidation is sought since claims asserted in the amended pleading arose out of conduct, transactions, and/or occurrences set forth or attempted to be set forth in the original pleading, the original complaint with first affidavit.

The requests herein for partial reconsideration and for consolidation are sought since justice is required.

Dated March 14, 2008

Respectfully submitted,

Iris Wood, Plaintiff *Pro Se*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RECEIVED

MAR 2 6 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| IRIS WOOD, | ) |
| Plaintiff, *Pro Se* | ) |
| v. | ) |
| IRVING KATOR, MICHAEL KATOR, CATHY A. HARRIS, Kator, Parks & Weiser, PLLC, (previously known under other law firm names) | ) |
| Defendants | ) |

Civil Action No. 07-1597 (RMU)
(JURY TRIAL DEMANDED)

3/26/2008

## MOTION FOR EXTENSIONS OF TIME TO FILE OPPOSITION TO DEFENDANTS' MARCH 2008 MOTION TO DISMISS AND TO FILE MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT WITH SECOND AMENDED COMPLAINT

Iris Wood, pro se plaintiff, requests extensions of time until April 30, 2008, to file Opposition to Defendants' March 2008 Motion to Dismiss and to file Motion for Leave to File Second Amended Complaint with Second Amended Complaint.

These requests are made as pro se plaintiff who lives out of state and is not expert in these areas of law.

Plaintiff must drive more than an hour to the law library. Plaintiff also has a bladder condition and reduced vision at this time which impedes travel.

Plaintiff is Christian with an overlapping four day religious holiday during this time period. Furthermore, matters involving death of plaintiff's husband as well as tax preparations and deadlines overlap with this time period.

Dated: March 25, 2008

Respectfully submitted,

Iris Wood, Plaintiff *Pro Se*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IRIS WOOD,     )
)
    Plaintiff, *Pro Se*     )
)
    v.     )
)
IRVING KATOR, MICHAEL KATOR,     )
    CATHY A. HARRIS,     )
    Kator, Parks & Weiser, PLLC,     )
    (previously known under other     )
    law firm names)     )
)
    Defendants     )

Civil Action No. 07-1597 (RMU)
(JURY TRIAL DEMANDED)

3/26/2008

## ORDER

Upon consideration of Plaintiff's Motion for Extensions of Time, it is ordered that

extensions of time are granted to plaintiff to file an Opposition to Defendants' March

2008 Motion to Dismiss and to file a Motion for Leave to file Second Amended

Complaint with Second Amended Complaint until April 30, 2008.

Dated: March   , 2008

_____

Ricardo M. Urbina
JUDGE, UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

## Certificate of Service

I hereby certify that a copy of the foregoing has been served by first class mail on:

Adrienne Tranel, Esq
Kator, Parks & Weiser, PLLP
1200 18th Street, NW, Tenth Floor
Washington, DC 20036

Iris Wood, pro se
Date: 3-25-2008

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RECEIVED

MAR 2 8 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| **IRIS WOOD,** | ) |
| | ) |
| **Plaintiff, *Pro Se*** | ) |
| | ) |
| v. | ) |
| | ) |
| **IRVING KATOR, MICHAEL KATOR,** | ) |
| **CATHY A. HARRIS,** | ) |
| **Kator, Parks & Weiser, PLLC,** | ) |
| **(previously known under other** | ) |
| **law firm names)** | ) |
| | ) |
| **Defendants** | ) |
| | ) |

**Civil Action No. 07-1597 (RMU)**
**(JURY TRIAL DEMANDED)**

3/28/2008

# SUPPLEMENTAL MOTION FOR EXTENSIONS OF TIME TO FILE OPPOSITION TO DEFENDANTS' MARCH 2008 MOTION TO DISMISS AND TO FILE MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT WITH SECOND AMENDED COMPLAINT

Iris Wood, pro se plaintiff, requests extensions of time until April 30, 2008, to file Opposition to Defendants' March 2008 Motion to Dismiss and to file Motion for Leave to File Second Amended Complaint with Second Amended Complaint.

These requests are made as pro se plaintiff who lives out of state and is not expert in these areas of law.

Plaintiff must drive more than an hour to the law library. Plaintiff also has a bladder condition and reduced vision at this time which impedes travel.

Plaintiff is Christian with an overlapping four day religious holiday during this time period. Furthermore, matters involving death of plaintiff's husband as well as tax preparations and deadlines overlap with this time period.

Opposing counsel indicated by telephone PM March 26, 2008, that they "don't have any objections" to plaintiff's request.

Dated: March 27, 2008

Respectfully submitted,

Iris Wood, Plaintiff *Pro Se*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IRIS WOOD,<br><br>    **Plaintiff,** *Pro Se*<br><br>    v.<br><br>IRVING KATOR, MICHAEL KATOR,<br>CATHY A. HARRIS,<br>Kator, Parks & Weiser, PLLC,<br>(previously known under other<br>law firm names)<br><br>    **Defendants** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 07-1597 (RMU)
(JURY TRIAL DEMANDED)

3/28/2008

## ORDER

Upon consideration of Plaintiff's Supplemental Motion for Extensions of Time, it is ordered that extensions of time are granted to plaintiff to file an Opposition to Defendants' March 2008 Motion to Dismiss and to file a Motion for Leave to file Second Amended Complaint with Second Amended Complaint until April 30, 2008.

Dated: April    , 2008

_____
Ricardo M. Urbina
JUDGE, UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Case 1:07-cv-01597-RMU     Document 19     Filed 03/28/2008     Page 4 of 4

## Certificate of Service

I hereby certify that a copy of the foregoing has been served by first class mail on:

Adrienne Tranel, Esq
Kator, Parks & Weiser, PLLP
1200 18th Street, NW, Tenth Floor
Washington, DC 20036

Iris Wood, pro se
Date: 3-27-2008

# INTERVENERS EXHIBIT NO. 2

**1:04-cv-01056-ESH-DAR** PANTAZES v. JACKSON
Ellen S. Huvelle, presiding
Deborah A. Robinson, referral
**Date filed:** 06/25/2004 **Date of last filing:** 10/03/2007

# Parties

**MICHAEL L. BUESGENS**
3112 Windsor Avenue
Apartment A 322
Austin, TX 78703
(512) 339-6005 Ext. 7191
*Added: 08/16/2007*
*TERMINATED: 08/21/2007*
*(Movant)*
PRO SE

*MOTION TO INTERVENE RECEIVED AT D.C. COURT OF APPEALS ON 8/6/2007 DOCKET SAYS — 8/15/2007 MOTION TO CORRECT DOCKET RECORD*

**ALPHONSO R. JACKSON**
Acting Secretary, United States Department of
Housing

*Added: 06/25/2004*
*(Defendant)*

represented
by

**Oliver W. McDaniel**
U.S. ATTORNEY'S OFFICE
FOR THE DISTRICT OF
COLUMBIA
CIVIL DIVISION
555 4th Street, NW
Washington, DC 20530
(202) 616-0739
(202) 514-8780 (fax)
oliver.mcdaniel@usdoj.gov
*Assigned: 08/20/2004*
*ATTORNEY TO BE NOTICED*

**IRVING KATOR**
Guardian of the Person and Property of Peter W.
Pantazes

*Added: 10/01/2007*
*(Plaintiff)*

represented
by

**Irving Kator**
KATOR, PARKS & WEISER, PLLC
1020 19th Street, NW
Suite 350
Washington, DC 20036
(202) 898-4800
(202) 289-1389 (fax)
ikator@katorparks.com
*Assigned: 10/01/2007*

1:04CV01056 ESH

1. **PETER PANTAZES** ✓
*Added: 06/25/2004*
*TERMINATED: 09/30/2007*
*(Plaintiff)*

FORMER HUD
EMPLOYEE
AND

2. MICHAEL L. BUESGENS
FORMER IRS EMPLOYEE
AND

3. NEAL LEE PRESANT, M.D.

4. DEPARTMENT OF HEALTH
AND HUMAN SERVICES
OCCUPATIONAL MEDICINE
SPECIALTY

5. FEDERAL OCCUPATIONAL
HEALTH - FOH
BETHESDA, MARYLAND

represented
by

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cathy A. Harris** ✓
KATOR, PARKS & WEISER, PLLC
1020 19th Street, NW
Suite 350
Washington, DC 20036
(202) 898-4800
(202) 289-1389 (fax)
charris@katorparks.com
*Assigned: 04/06/2005*
*ATTORNEY TO BE NOTICED*

**Michael J. Kator** ✓
KATOR, PARKS & WEISER, PLLC
1020 19th Street, NW
#350
Washington, DC 20036-6101
(202)898-4800
(202) 289-1389 (fax)
mkator@katorparks.com
*Assigned: 10/11/2006*
*ATTORNEY TO BE NOTICED*

**Irving Kator** ✓ KATOR
KATOR, PARKS & WEISER, PLLC
1020 19th Street, NW
Suite 350
Washington, DC 20036
(202) 898-4800
(202) 289-1389 (fax)
ikator@katorparks.com
*Assigned: 06/25/2004*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**PACER Service Center**

**Transaction Receipt**

1:04CV01056 ESH

MOTION TO INTERVENE RECEIVED ON 08/06/07

| | | |
|---|---|---|
| 05/14/2007 **8/6/07** | | Set Deadlines/Hearings: Joint Status Report due by 8/31/2007. Status Conference set for 9/6/2007 11:00 AM in Courtroom 14 before Judge Ellen S. Huvelle. (gdf) (Entered: 05/16/2007) |
| 08/15/2007 | 53 | MOTION to Intervene by MICHAEL L. BUESGENS (Attachments: # 1 Attachment (part 1)# 2 Attachment (part 2)# 3 Attachment (part 3)# 4 Attachment (part 4)# 5 Attachment (part 5)# 6 Attachment (part 6)# 7 Attachment (part 7)# 8 Attachment (part 8)# 9 Attachment (part 9)# 10 Attachment (part 10))(tg, ) (Entered: 08/16/2007) |
| 08/21/2007 | 54 | ORDER denying 53 Motion to Intervene. Signed by Judge Ellen S. Huvelle on 8/21/2007. (KF) (Entered: 08/21/2007) |
| 08/22/2007 | | Remark: Notice of the Court's August 21, 2007 Order has been sent to movant Michael L. Buesgens via first-class mail at the following address: 3112 Windsor Road, A322, Austin, TX 78703. (KF) (Entered: 08/22/2007) |
| 08/23/2007 | 55 | NOTICE OF APPEAL as to 54 Order on Motion to Intervene by MICHAEL L. BUESGENS. Fee Status: No Fee Paid. Parties have been notified. (Attachments: # 1 Exhibit)(jf, ) (Entered: 08/27/2007) |
| 08/27/2007 | | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 55 Notice of Appeal (jf, ) (Entered: 08/27/2007) |
| 08/31/2007 | 56 | Unopposed MOTION for Extension of Time to File *Joint Status Report (Two-Business Day)* by ALPHONSO R. JACKSON (Attachments: # 1 Text of Proposed Order)(McDaniel, Oliver) (Entered: 08/31/2007) **OPPOSED MOTION** |
| 09/04/2007 | | MINUTE ORDER granting 56 Defendant's Unopposed Motion for a Two Business Day Extension of Time. The parties shall file their Joint Status Report on or before September 5, 2007. Signed by Judge Ellen S. Huvelle on 9/4/2007. (KF) (Entered: 09/04/2007) |
| 09/05/2007 | 57 | STATUS REPORT *(JOINT)* by PETER PANTAZES, ALPHONSO R. JACKSON. (McDaniel, Oliver) (Entered: 09/05/2007) |
| 09/05/2007 | | USCA Case Number 07-5295 for 55 Notice of Appeal filed by MICHAEL L. BUESGENS. (jf, ) (Entered: 09/06/2007) |
| 09/06/2007 | | Set/Reset Deadlines: Joint status report due by 9/5/2007. (gdf) (Entered: 09/06/2007) |
| 09/06/2007 | | Minute Entry. Proceedings held before Judge Ellen S. Huvelle: Status Conference held on 9/6/2007.Summary Judgment motions due by 10/25/2007. Response to Motion for Summary Judgment due by 11/26/2007. Reply to Motion for Summary Judgment due by 12/14/2007. (Court Reporter: Lisa Griffith) (gdf) (Entered: 09/06/2007) |
| 09/06/2007 | | Set/Reset Hearings: Settlement Conference set for 9/12/2007 at 03:30 PM in Chambers before Magistrate Judge John M. Facciola. (SP, ) (Entered: 09/06/2007) |
| 09/11/2007 | | Leave to File Denied by Judge Ellen Segal Huvelle (issued on 8/21/07). re: Motion to Intervene by Michael Buesgens. (jf, ) (Entered: 09/11/2007) |

Docket Summary                                                10/24/2007 12:41 PM

Home | PACER | Full Docket | Opinions **Orders/Judgments Lists**
If you view the full docket, you will be charged for 4 Pages   $0.32
Help

## US Court of Appeals for the DC Circuit
## Case Summary

Court of Appeals Docket #: 07-5295                    Filed: 8/31/07
Nsuit: 2442  Civil Rights: Jobs
Buesgens, Michael L., et al v. Jackson, Alphonso R.
Appeal from: United States District Court

Lower court information:
     District: 0090-1 : 04cv01056        lead: 04cv01056
     Trial Judge: Ellen Segal Huvelle, US District Judge

9/21/07          CERTIFIED MAIL [1068352-1] SENT with return receipt
                 requested (Receipt #: 7006 0810 0002 3721 7136) of clerk
                 order ifp motion or fee due [1068323-1] Certified mail
                 receipt due 10/22/07 for Michael L. Buesgens. (lvs)

9/21/07          FIRST CLASS MAIL SENT [1068353-1] of clerk order ifp motion
                 or fee due [1068323-1], clerk order fail to respond warning
                 [1068323-2]. (lvs)

9/28/07          CERTIFIED MAIL RECEIPT [1070951-1] RECEIVED by Michael L.
                 Buesgens for Appellant Michael L. Buesgens (signed for on
                 9/20/07 ) in response to a clerk order ifp motion or fee
                 due [1068323-1] . (joet)

10/11/07         SUPPLEMENTAL NOTICE from Clerk, District Court payment of
                 docketing fee [1072731-1] [DOCKETING FEE WAS PAID ON
                 10/4/07]. (lvs)

10/11/07         CLERK'S ORDER filed [1072738] directing Appellant to file
                 [1072738-1] :  docketing statement due 11/13/07 for Michael
                 L. Buesgens ; statement of issues due 11/13/07 for Michael
                 L. Buesgens ; lower court decision due 11/13/07 for Michael
                 L. Buesgens ; any procedural motions due 11/13/07 for
                 Michael L. Buesgens ; deferred appendix notice due 11/13/07
                 for Michael L. Buesgens ; any dispositive motions due
                 11/26/07 for Michael L. Buesgens. Directing Appellee to
                 file [1072738-2] : certificate of counsel due 11/13/07 for
                 Irving Kator, Alphonso R. Jackson ; any procedural motions
                 due 11/13/07 for Irving Kator, Alphonso R. Jackson; entry
                 of appearance form due 11/13/07 for R. Craig Lawrence; any
                 dispositive motions due 11/26/07 for Irving Kator, Alphonso
                 R. Jackson. Failure to respond shall result in dismissal of
                 the case for lack of prosecution. [Entry Date: 10/11/07]
                 (lvs)

USPS - Track & Confirm

10/24/2007 1:53 PM



*MOTION TO INTERVENE*
*U.S. DISTRICT COURT - D.C.*
*1:04CV01056 ESH*

**UNITED STATES POSTAL SERVICE.** Home | Help | Sign In

*JUDGE ELLEN S. HUVELLE*

**Track & Confirm**    **FAQs**

## Track & Confirm

### Search Results

Label/Receipt Number: **0306 1070 0003 2980 1088**
Status: **Delivered**

✓ Your item was delivered at 11:00 am on August 06, 2007 in WASHINGTON, DC 20001. *RECEIVED 8/6/07*

Additional information for this item is stored in files offline.

*FILED ON DOCKET 8/15/07*

Restore Offline Details >    Return to USPS.com Home >

**Track & Confirm**

Enter Label/Receipt Number.

Go >

Copyright© 1999-2007 USPS. All Rights Reserved.

No FEAR Act EEO Data    FOIA

1:04CV01056 ESH

JUDGE ELLEN S. HUVELLE

**U.S. Postal Service™ Delivery Confirmation™ Receipt**

Postage and Delivery Confirmation fees must be paid before mailing.
Article Sent To (to be completed by mailer)

U.S. DISTRICT COURT
D.C. 20001
1:04CV01056
8/4/07

Postmark
Here

POSTAL CUSTOMER:
Keep this receipt. For inquiries:
Access internet web site at
www.usps.com ®
or call 1-800-222-1811

CHECK ONE (POSTAL USE ONLY)

☐ Priority Mail™ Service
☐ First-Class Mail® parcel
☐ Package Services parcel

(See Reverse)

PS Form 152, May 2002

DELIVERY CONFIRMATION NUMBER
0308 1070 0000 2180 1008

```
***** WELCOME TO *****
   CENTRAL PARK STATION
    3507 N LAMAR BLVD
   AUSTIN, TX 78705-1117
    08/04/07 05:53PM

Transaction Number              49
USPS #                 480406-9563


1. Priority Mail® service      13.55
   Destination:       20001
   Weight:            4 lb. 8.00 oz.
   Total Cost:        13.55
   Base Rate:         12.90
        SERVICES
   Delivery Confirmation™        .65

Subtotal                       13.55
Total Charged                  13.55

MasterCard                     13.55

     <23-902480391-99>
MasterCard
ACCT. NUMBER          TRANS #   AUTH
XXXX XXXX XXXX 2891     208    097567

To check on the delivery status of
your Delivery Confirmation™ article,
visit our Track & Confirm website at
www.usps.com, use this Automated
Postal Center® (or any Automated
Postal Center® at other Postal
locations) or call 1-800-222-1811.

Please retain all receipts from
affixed forms.  For inquiries, both
the sales receipt and the customer
copy from the affixed form shall be
required.

          Thanks.
   It's a pleasure to serve you.

ALL SALES FINAL ON STAMPS AND POSTAGE.
REFUNDS FOR GUARANTEED SERVICES ONLY.

*****************************************
*    Your opinion matters to us        *
*         Please visit                 *
*                                      *
*    http://gx.gallup.com apc          *
*****************************************
```

USPS - Track & Confirm                                    10/24/2007 1:44 PM

*SUPPLEMENT TO MOTION TO INTERVENE*
*U.S. DISTRICT COURT - D.C.*


**UNITED STATES POSTAL SERVICE.** *1:04CV01056 ESH*    **Home** | **Help** | **Sign In**

*NEVER FILED AT U.S. DISTRICT*    **Track &**       **FAQs**
                                  **Confirm**
*COURT-D.C.*

### Track & Confirm

**Search Results**

Label/Receipt Number: **0306 3030 0000 3907 3856**
Status: **Delivered**

✓ Your item was delivered at 10:53 am on August 22, 2007 in WASHINGTON, DC 20001. *8/22/07*

Additional information for this item is stored in files offline.

Track & Confirm

Enter Label/Receipt Number.

Go >

*Restore Offline Details >*  ?   *Return to USPS.com Home >*

*JUDGE ELLEN S HUVELLE*

Site Map | Contact Us | Forms | Gov't Services | Jobs | Privacy Policy
Terms of Use | National & Premier Accounts

**Copyright© 1999-2007 USPS. All Rights Reserved.**

No FEAR Act EEO Data   FOIA

USPS - Track & Confirm                                    10/24/2007 1:46 PM

*SUPPLEMENT TO MOTION TO INTERVENE*
*SUZY DE FRANCIS, ASSISTANT SECRETARY HHS*



*1:04CV01056 ESH* **Home** | **Help** | **Sign In** *FOIA*

*NEVER FILED AT U.S. DISTRICT* **Track & Confirm**   **FAQs**
*COURT - A.C.*

## Track & Confirm

### Search Results

Label/Receipt Number: **0307 0020 0004 1861 1885**
Status: **Delivered**

Your item was delivered at 10:43 am on August 24, 2007 in WASHINGTON, DC 20201.

Additional information for this item is stored in files offline.

Track & Confirm

Enter Label/Receipt Number.

Go >

*8/24/07*

Restore Offline Details >    Return to USPS.com Home >

*JUDGE ELLEN S HUVELLE*

<u>Site Map</u>   <u>Contact Us</u>   <u>Forms</u>   <u>Gov't Services</u>   <u>Jobs</u>   <u>Privacy Policy</u>
<u>Terms of Use</u>   <u>National & Premier Accounts</u>

**Copyright© 1999-2007 USPS. All Rights Reserved.**

No FEAR Act EEO Data   FOIA

*JUDGE ELLN HUVELLE*

## U.S. Postal Service™ Delivery Confirmation™ Receipt

Postage and Delivery Confirmation fees must be paid before mailing.

Article Sent To: (to be completed by mailer)

*U.S.N.C*
*DISTRICT OF COLUMBIA*
*20001*
*1. 04CV01056*
*ESH*

*8/18/07*

*SUPPLEMENT*
*MOTION TO*
*INTERVENE*

DELIVERY CONFIRMATION NUMBER:
0306 3030 0000 3907 3656

POSTAL CUSTOMER:
Keep this receipt. For inquiries:
Access internet web site at
www.usps.com ®
or call 1-800-222-1811

Postmark Here

CHECK ONE (POSTAL USE ONLY)
☐ Priority Mail™ Service
☐ First-Class Mail® parcel
☐ Package Services parcel

PS Form 152, May 2002          (See Reverse)

*HHS-FOH - FOIA - DENIED*
*NENLLEE PRESANT, MD*

## U.S. Postal Service™ Delivery Confirmation™ Receipt

Postage and Delivery Confirmation fees must be paid before mailing.

Article Sent To: (to be completed by mailer)

*HHS - FOIA*
*APPEAL*
*SUZY DEFRANCIS*
*20201*
*FOH*
*DOCTORS*
*04CV01056*
*8/18/07*

DELIVERY CONFIRMATION NUMBER:
0307 0020 0004 1861 1865

POSTAL CUSTOMER:
Keep this receipt. For inquiries:
Access internet web site at
www.usps.com ®
or call 1-800-222-1811

Postmark Here

CHECK ONE (POSTAL USE ONLY)
☐ Priority Mail™ Service
☐ First-Class Mail® parcel
☐ Package Services parcel

PS Form 152, May 2002          (See Reverse)

***** WELCOME TO *****
AUSTIN GMF
8225 CROSS PARK DR
AUSTIN, TX 78710-9765
08/18/07 08:43PM

Transaction Number                    58
USPS® #                    480402-9550

1. Priority Mail® FR Env          5.25
   Destination:        20001
   Weight:             2 lb. 3.50 oz.
   Total Cost:         5.25
   Base Rate:          4.60
           SERVICES
   Delivery Confirmation™          .65
2. Priority Mail® FR Env          5.25
   Destination:        20201
   Weight:             1 lb. 0.70 oz.
   Total Cost:         5.25
   Base Rate:          4.60
           SERVICES
   Delivery Confirmation™          .65

Subtotal                        10.50
Total Charged                   10.50

MasterCard                      10.50

         <23-902480433-99>
MasterCard
ACCT. NUMBER          TRANS #   AUTH
XXXX XXXX XXXX 2891   427      027826

To check on the delivery status of
your Delivery Confirmation™ article,
visit our Track & Confirm website at
www.usps.com, use this Automated
Postal Center® (or any Automated
Postal Center® at other Postal
locations) or call 1-800-222-1811.

Please retain all receipts from
affixed forms. For inquiries, both
the sales receipt and the customer
copy from the affixed form shall be
required.

           Thanks.
   It's a pleasure to serve you.

ALL SALES FINAL ON STAMPS AND POSTAGE.
REFUNDS FOR GUARANTEED SERVICES ONLY.

* * * * * * * * * * * * * * * * * * * * * * *
*    Your opinion matters to us.       *
*          Please visit                *
*                                      *
*      http://gx.gallup.com/apc        *
* * * * * * * * * * * * * * * * * * * * * * *



## KATOR, PARKS & WEISER, P.L.L.C.
# CONTACT INFORMATION

We welcome your inquiries to determine whether our broad understanding of employment law, with special regard for Federal employee rights, may be put to work in pursuit of your goals.

*PANTAZES BUESGENS CIVIL ACTIONS*

*1:04CV01056 ESH*
*1:05CV00243 SS*
*JUDGE SAM SPARK*
*AUSTIN, TEXAS*
*AND*
*KATOR PARKS & WEISER*

**Main Law Offices:**
1020 19th Street, NW
Suite 350
Washington, D.C. 20036-3804
PHONE: (202)898-4800
FAX: (202) 289-1389

mkator@kator-parks.com

*IRVING KATOR*

**Kator, Parks & Weiser in Texas:**
812 San Antonio St. Suite 100
Austin, Texas 78701
PHONE: (512) 322-0600
FAX: (512) 477-2828

dweiser@kator-parks.com

Home|| About the Firm||
Attorneys|| Practice Areas||
Contact|| Class Actions|| Links



# Track results detail

Tracking results detail for 24131408652

**Tracking summary**

*MOTION TO CORRECT THE RECORD*
*U.S. DISTRICT COURT*
*D.C.*
*1:04CV01056 ESH*

▸ Print this page

| Current Status | **Shipment delivered.** |
| --- | --- |
| Delivered on | 10/25/2007 11:20 am |
| Delivered to | Receptionist |
| Signed for by | **DDAVIS** |

**Tracking history**

| Date and Time | Status | Location |
| --- | --- | --- |
| 10/25/2007 11:20 am | Shipment delivered. | Washington - Ronald Reagan National, DC |
| 9:30 am | With delivery courier. | Washington - Ronald Reagan National, DC |
| 8:55 am | Arrived at DHL facility. | Washington - Ronald Reagan National, DC |
| 4:50 am | Depart Facility | Wilmington - Clinton Field, OH |
| 2:59 am | Processed at DHL Location. | Wilmington - Clinton Field, OH |
| 1:52 am | Transit through DHL facility | Wilmington - Clinton Field, OH |
| 10/24/2007 10:19 pm | Depart Facility | Austin, TX |
| 6:36 pm | Processed at DHL Location. | Austin, TX |
| 6:29 pm | Departing origin. | Austin, TX |
| 6:01 pm | Shipment picked up | Austin, TX |

DHL: Track details                                                                      10/28/2007 7:59 PM

**Ship From:**             **Ship To:**              **Shipment Information:**
OFFICEMAX                 US DISTRICT COURT          Ship date: 10/24/2007
RETAIL 0408               FOR DC                     Pieces: 1
Austin, TX  78723         Washington, DC  20001      Total weight: 1 lb *
United States             United States

                          *1: 04CV01052*            Ship Type: Letter

Attention:                Attention:                 Shipment Reference:
OFFICEMAX                 US DISTRICT COURT           Service: Express
RETAIL 0408               FOR DC                      Special
                                                      Service:
                                                      Description:

Tracking detail provided by DHL: 10/28/2007, 5:59:31 pm pt.

You are authorized to use DHL tracking systems solely to track
shipments tendered by or for you to DHL. Any other use of DHL
tracking systems and information is strictly prohibited.

**\* Note on weight:**
The weights displayed on this website are the weights provided
when the shipment was created. Actual chargeable weights may
be different and will be provided on invoice.

# DHL

## Delivery Signature Detail

Signature details for  24131408652

▸ Print this page

RECEIVED IN GOOD ORDER EXCEPT AS NOTED

## Summary details
Current Status         ✓ **Shipment Delivered**
Delivered on            10/25/07  11:20 am
Delivered to            Receptionist
Signed for by          **DDAVIS**

Receiver Information          *1:04CV01056 ESH-DAR*

Please retry later to obtain receiver infomation.

Tracking detail provided by DHL: 10/28/2007 6:01:48 PM

You are authorized to use DHL tracking systems solely to track shipments tendered by or for you to DHL. Any other use of DHL tracking systems and information is strictly prohibited.

Officemax - Invoice                                                    Page 1 of 1

# *Shipping Receipt*

*OfficeMax Retail 408*
*5451-B North H35*
*Austin, TX 78723*

| *Receipt#* | *DATE* | *TIME* |
|---|---|---|
| *2391* | *10/24/2007* | *5 51 46 PM* |

*Page 1 Of 1*

### *Tracking Number*
### *24131408652*

*Ship:*    0.05 LB      $ 18.88
*To:*    Clerks Office
*Address*    333 Constitution Avenue N
*ZipCode*    20001
*Using*    Letter Packaging
*CHARGE*    $ 18.88
*Protection:*

9 9 8 1 0 0 0 0 6 9 3 3

# *EXP*

---

*Unless otherwise stated above, parcels shipped have a declared value of $100. DHL and/or OfficeMax are not responsible for items improperly packed. In the event of damage, call DHL at 1-800-CALL DHL. Save damaged items in original packaging. Unacceptable goods: DHL will not accept the following articles for transportation ...(A) coins of any kind, currency, furs in any form, gems or stones (cut or un cut), industrial diamonds, or precious metals of any type or form; (B) artworks, watches and parts thereof, time-sensitive written material (e.g. bids, contract proposals) or any item being shipped to be repaired when the shipment valuation exceeds $100 per package; (C) bonds, negotiable securities, and (D) any other article listed as unacceptable in DHL's tariffs of services guide. DHL and or OfficeMax will not be responsible for any loss, damage, delay, liability or penalties resulting from transporting such articles however described or undescribed on this receipt.*

*X* _____

*Est.CHARGES:*      $ 18.88

*PACKAGE COUNT:*      1

*To track your package, call 1-800-CALL DHL or go ONLINE at www.dhl-usa.com. You will need the Tracking number(s) shown above.*

*RECEIPT#*      *2391*

# OfficeMax®

OfficeMax #408
5451-B NORTH IH35
AUSTIN,TX.  78723
(512) 451-8955

Tell us about your shopping experience
and enter to win 1 of 5 prizes at
**www.officemax.com/store/survey**
or to enter w/o purch., send a 3"x5"
card with name, address and phone # to
OfficeMax-Shopping Experience
Sweepstakes, 263 Shuman, Naperville, IL
60563. U.S. residents 18+ only. Void
where prohibited.

---

998100006933  DHL In-Store        $18.88 N

SubTotal                          $18.88
TOTAL                             $18.88

VISA                              $18.88
 Card number:  XXXXXXXXXXXX2852
 Authorization  024551

---

                              23445556
       0408 00009 08061 4 10/24/07
             00345736 05:54:31 PM


          ORDER BY PHONE 1-877-OFFICEMAX


040800908060001102407000

# U.S. Postal Service™ Delivery Confirmation™ Receipt

Postage and Delivery Confirmation fees must be paid before mailing.

Article Sent To: (to be completed by mailer)

*Please print clearly*

IRVING RATOR
MIKE RATOR
RATOR PARKS
812
SAN ANTONIO ST
AUSTIN TX
78701
1:04CV01056

DELIVERY CONFIRMATION NUMBER:

0307 0020 0001 5729 9559

**POSTAL CUSTOMER:**
Keep this receipt. For inquiries:
Access internet web site at
*www.usps.com* ®
or call 1-800-222-1811

CHECK ONE (POSTAL USE ONLY)

☐ Priority Mail™ Service

☐ First-Class Mail® parcel

☐ Package Services parcel

PS Form 152, May 2002

(See Reverse)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PETER PANTAZES,          )
                         )
            **Plaintiff,**      )
                         )
         **v.**           )    **Civil Action No. 04-1056 (ESH)**
                         )
**ALPHONSO R. JACKSON,**    )
**Acting Secretary, United States Department** )
**of Housing and Urban Development,**  )
                         )
           **Defendant.**     )
                         )

*[handwritten: 54]*
*[handwritten: 8/21/2007]*

## ORDER    *[handwritten: NOTICE OF APPEAL 8/23/07]*

Michael L. Buesgens has moved *pro se* to intervene in this case pursuant to Federal Rules

of Civil Procedure 24(a) and 24(b). Buesgens does not qualify for intervention as of right

pursuant to Rule 24(a). Buesgens has identified no federal statute that confers an unconditional

right to intervene. *See* Fed. R. Civ. P. 24(a)(1). Nor does he have an interest in the litigation

sufficient to warrant intervention. *See* Fed. R. Civ. P. 24(a)(2). Buesgens alleges that he has the

same claims for "employment discrimination based on disability" as plaintiff (1st Mot. to

Intervene ¶¶ 35-36), but Buesgens's employment discrimination claims concern the allegedly

wrongful termination of his employment with the IRS (*id.* ¶¶ 58-59), while plaintiff alleges

disability discrimination by HUD. Buesgens does refer to a claim for housing discrimination

against HUD (*see id.*, caption), but that does not give him an interest in plaintiff's employment

discrimination case. *See Sails v. Rochester City Sch. Dist.*, 199 F.R.D. 506, 510 (W.D.N.Y.

2001) (mere fact that plaintiffs and movants raised claims against certain of the same defendants

did not constitute the requisite "interest" in the litigation to warrant intervention). The Court also

finds that permissive intervention under Rule 24(b) is not warranted because Buesgens has not

satisfied the requirements for permissive intervention, and the addition of a new plaintiff and

many new claims and defendants more than three years into this action would result in

unnecessary delay and confusion. *See id.* at 511-13.  Accordingly, it is hereby

**ORDERED** that the motion to intervene [Dkt. #53] is **DENIED**.

**SO ORDERED.**

_____/s/_____
ELLEN SEGAL HUVELLE
United States District Judge

Date: August 21, 2007



**1:04-cv-01056-ESH PANTAZES v. JACKSON**

**Ellen S. Huvelle, presiding**

**Date filed: 06/25/2004**

**Date terminated: 12/21/2007**

**Date of last filing: 04/16/2008**

# Associated Cases

### Other Court Information

**Court Name Case Number Start Date End Date**

'07-5295'    *APPEAL*

| Description: | Associated Cases | Search Criteria: | 1:04-cv-01056-ESH |
|---|---|---|---|
| Billable Pages: | 1 | Cost: | 0.08 |

IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

IN THE MATTER OF:

PETER PANTAZES                    CASE NO CAE 06-16296

ORDER OF COURT
(Letters of Guardianship of the Property)

Upon consideration of the testimony and evidence presented on the Petition for the

Appointment of a Guardian of the Property at the trial on the 9th day of November, 2006,

before the Honorable Sherrie L. Krauser, with the alleged disabled person represented by

counsel, this Court has made the following findings of fact by a preponderance of the

evidence:

(1) That PETER PANTAZES is unable to manage his property and affairs effectively

because of a physical or mental disability or disease;

(2) That PETER PANTAZES has or may be entitled to property or benefits that

require management;

(3) That no less restrictive form of intervention is available consistent with PETER

PANTAZES'S welfare and safety.

Upon the above recited findings of fact, it is this _____9th_____ day of

_____November_____ 2006, by the Circuit Court for Prince George's County, Maryland,

ORDERED, that Irving Kator, Esq. of 1020 19th St NE Suite 350 Washington DC

20036, be and hereby is appointed guardian of the property of PETER PANTAZES, with all

the rights, duties, and powers as set forth in Estates and Trusts Article, Section 13, Subtitle 2,

of the Annotated Code of Maryland, EXCEPT:

(1) The guardian may not sell, invest in, mortgage or otherwise encumber any real property without further order of this Court;

(2) All investments shall be federally insured investments, unless otherwise ordered by the Court; and

Case 1:04-cv-01056-ESH    Document 58-2    Filed 09/27/2007    Page 2 o

(3) The guardian may not pay commissions or attorney's fees without order of court, and it is further,

**ORDERED**, that the guardian shall record this order in the Land Records in the jurisdiction where the real property is located, and if in Prince George's County costs hereby are waived by this Court, and it is further,

**ORDERED**, that the guardian shall file an Initial Inventory on or before the 9th day of January, 2007, at which time bond, if any, shall be determined, and it is further,

**ORDERED**, that the guardian shall file annual accountings as directed by the Trust Clerk, and it is further,

**ORDERED**, that this matter shall be scheduled for review hearings at the request of any interested party or at the Court's discretion, and it is further

**ORDERED**, that this case is closed statistically.

SHERRIE L. KRAUSER, JUDGE

Copies mailed by the Clerk to:

Irving Kator
1020 19th St NE Suite 350
Washington DC 20036

Janet Eveland, Esq.
10320 Little Patuxent Pkwy Suite 311
Columbia MD 21044

Karyn Lynch, Director
Prince George's County Department
of Social Services Case 1:04-cv-01056-ESH    Document 58-2    Filed 09/27/2007    Page 3 o
805 Brightseat Rd
Landover MD 20785

William Pantazes
6820 Hillmeade Rd
Glenn Dale MD 20769

Joanna Pantazes
6820 Hillmeade Rd
Glenn Dale MD 20769

Voula Pantazes
6820 Hillmeade Rd
Glenn Dale MD 20769

Dimitri Pantazes
6820 Hillmeade Rd
Glenn Dale MD 20769

Adult Public Guardianship Review Board

ATTENTION INTERESTED PARTIES: PURSUANT TO MARYLAND RULE 10-707(c),
IF YOU WANT TO RECEIVE A COPY OF THE ANNUAL GUARDIAN OF PROPERTY
FIDUCIARY REPORT, YOU MUST INFORM THE GUARDIAN AND PROVIDE THE
GUARDIAN WITH YOUR NAME AND ADDRESS. YOU MUST ALSO SEND A COPY
OF THE WRITTEN REQUEST TO THE COURT. BE SURE TO INCLUDE THE CASE
NUMBER

# IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

# IN THE MATTER OF:

**PETER PANTAZES**          **CASE NO CAE 06-16296**

Upon consideration of the hearing held on the Petition for the Appointment of a

guardian of the person, and upon consideration of the stipulation of evidence presented at the

trial on the 9th day of November, 2006, before the Honorable SHERRIE L. KRAUSER, with

counsel for the alleged disabled person present, the Court, a jury trial having been waived,

makes the following findings of fact by clear and convincing evidence:

(1) That PETER PANTAZES lacks sufficient understanding or capacity to make or

communicate responsible decisions concerning his/her person, including provisions for health

care, food, clothing, or shelter;

(2) That PETER PANTAZES lacks such capacity because of a mental disability or

disease;

(3) That no less restrictive form of intervention is available consistent with PETER

PANTAZES'S welfare and safety.

Upon the above recited findings of fact, it is this ___9___ day of ___November___

2006, by the Circuit Court for Prince George's County, Maryland,

**ORDERED,** that Irving Kator, Esq. of 1020 19th St NE Suite 350 Washington DC

20036, be and hereby is appointed guardian of the person of PETER PANTAZES, with all the

rights, duties and powers as set forth in Estates and Trusts Article, Section 13-708, Annotated

Code of Maryland, with general discretion of the guardian concerning living arrangement

within this State, non life threatening medical care and procedures, clothing and food for

PETER PANTAZES, and it is further,

    **ORDERED,** The guardian appointed hereunder is appointed and authorized to act as

PETER PANTAZES'S HIPAA representative, and it is further, Filed 09/27/2007    Page 5 o

    **ORDERED,** that the guardian shall file an annual report as required by Estates and

Trusts Article, Section 13-708, Annotated Code of Maryland, and it is further,

    **ORDERED,** that this matter may be scheduled for review hearings upon the request

of any interested party or at the Court's discretion, and it is further,

    **ORDERED,** that this case is closed statistically.

                                    **SHERRIE L. KRAUSER, JUDGE**

Copies to be mailed by the Clerk to:

Irving Kator
1020 19th St NE Suite 350
Washington DC 20036

Janet Eveland, Esq.
10320 Little Patuxent Pkwy Suite 311
Columbia MD 21044

Karyn Lynch, Director
Prince George's County Department
of Social Services
805 Brightseat Rd
Landover MD 20785

William Pantazes
6820 Hillmeade Rd
Glenn Dale MD 20769

Joanna Pantazes
6820 Hillmeade Rd
Glenn Dale MD 20769

Voula Pantazes
6820 Hillmeade Rd
Glenn Dale MD 20769  1:04-cv-01056-ESH    Document 58-2    Filed 09/27/2007    Page 6 o

Dimitri Pantazes
6820 Hillmeade Rd
Glenn Dale MD 20769

Adult Public Guardianship Review Board

ATTENTION INTERESTED PARTIES: PURSUANT TO MARYLAND RULE 10-206(c),
IF YOU WANT TO RECEIVE A COPY OF THE ANNUAL GUARDIAN OF PERSON
REPORT, YOU MUST INFORM THE GUARDIAN AND PROVIDE THE GUARDIAN
WITH YOUR NAME AND ADDRESS.  YOU MUST ALSO SEND A COPY OF THE
WRITTEN REQUEST TO THE COURT.  BE SURE TO INCLUDE THE CASE NUMBER

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER W. PANTAZES | ) *9/26/2007* |
| Plaintiff, | ) |
| v. | ) Civil Action No. 04-1056 (ESH) |
| ALPHONSO JACKSON, SECRETARY, U.S. DEPARTMENT OF OF HOUSING & URBAN DEVELOPMENT, | ) Date: September 26, 2007 |
| Defendant. | ) *IRVING KATOR GUARDIAN* |

**CONSENT MOTION TO SUBSTITUTE PARTY**

Pursuant to Fed.R.Civ.P. 25(b), Plaintiff hereby moves to substitute Irving Kator,

Guardian of the Person and Property of Peter W. Pantazes, as Plaintiff in this matter. Peter

Pantazes is incapacitated and Mr. Kator has been appointed by the Circuit Court of Prince

Georges County, Maryland, as his guardian. A copy of the court's order appointing Mr. Kator is

attached. Defendant consents to the relief sought herein.

Michael J. Kator (366936)
KATOR, PARKS & WEISER, PLLC
1020 19th Steeet, NW, Suite 950
Washington, DC 20036
(202) 898-4800

September 26, 2007                    Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER PANTAZES, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 04-1056 (ESH) |
| ALPHONSO R. JACKSON, Acting Secretary, United States Department of Housing and Urban Development, | ) |
| Defendant. | ) |

**12/21/07**

### ORDER

The Court having been advised by counsel that this action has been settled, it is hereby

**ORDERED** that this case is **DISMISSED**. The dismissal shall be without prejudice for a period of 60 days from the date of this Order. If settlement is not consummated within that 60-day period, the parties may reopen the action upon motion approved by the Court. Should counsel fail to move to reopen the case within the prescribed period, the matter shall, without further order, stand dismissed with prejudice.

**SO ORDERED.**

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: December 21, 2007

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PETER PANTAZES** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **Civil Action No. 04-1056 (ESH)** |
| | ) |
| **ALPHONSO R. JACKSON,** | ) |
| Secretary, | ) |
| **Department of Housing and** | ) |
| **Urban Development** | ) |
| | ) |
| **Defendant.** | ) |

*4/16/2008*

### SUGGESTION OF DEATH

In accordance with Rule 25(a), Defendant, through counsel, the United States Attorney for

the District of Columbia, notes the death during the pendency of this action of Peter W. Pantazes,

Plaintiff-in-interest, on April 5, 2008. A copy of Plaintiff's obituary is attached.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. BAR NUMBER 498-610

By: _____/s/_____
OLIVER W. McDANIEL, D.C. Bar No. 377-360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739 / (202) 514-8780 (Facsimile)

*IRVING KATOR*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of April, 2008, I caused the foregoing Suggestion of

Death and attachment, to be served on Plaintiff's Counsel, by the Electronic Case Filing system, or,

if this means fails, then by mail, postage prepaid, addressed as follows:

Irving Kator, Esq.
Kator, Parks & Weiser, PLLC
1200 18th Street, N.W.
Suite 1000
Washington, D.C. 20036

_____/s/_____
OLIVER W. McDANIEL, D.C. BAR # 377360
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 616-0739

washingtonpost.com: Death Notices

# washingtonpost.com

PRINT EDITION | Subscribe to
**The Washington Post**

NEWS  POLITICS  OPINIONS  SPORTS | ARTS & LIVING  DISCUSSIONS  PHO...  ...IDE  CLASSIFIEDS  ...OBS  ...PLA...

**SEARCH:** [＿＿＿＿＿＿＿]  ⊙ News  ○ Web results by ...  Top 20 E-mailed Articles

washingtonpost.com > Metro> Obituaries

## Obituaries

NEWS
Politics
Nation
World
  Metro
  Crime
  The District
  ...ttery
  Maryland
    Obituaries
  Religion
  Traffic
  Virginia
Style
Business
Technology
Health
Education
Real Estate

ADVERTISEMENT



### Death Notices and Guest Books for "Pantazes"



**Search Results**                    Page 1 of 1  (1 total results)

Show [25 ▾] [complete notices ▾] per page

#### Pantazes, Peter W.                    [■■] View/Sign Guest Book

PANTAZES PETER WILLIAM PANTAZES (Age 63) On Saturday, April 5, 2008 at the Gladys Spellman Nursing Center after a long illness. Beloved son of the late William and Nola Pantazes; brother of the late Dimitri Pantazes. He is survived by his nephew William D. Pantazes, his niece Joanna Valerie Pantazes and sister-in-law Voula Pantazes. Family and friends may call at St. Theodore Greek Orthodox Church, 7101 Cipriano Road, Lanham, Md. 20706 on Wednesday, April 9 from 9:30a.m. until services at 10:30 a.m. Interment Maryland National Memorial Park. In lieu of flowers memorial donations may be made to St. Theodore Greek Orthodox Church. Please sign guest book at www.KalasFuneralHomes.com

Published in The Washington Post on 4/7/2008.
Notice • Guest Book • Flowers • Gift Shop • Charities

Today's Washington Post death notices

Questions about death notices or Guest Books?
Contact Legacy.com  •  Terms of use

*Powered by* Legacy.com
obituaries nationwide

© 2002 - 2008 The Washington Post Company

# INTERVENERS EXHIBIT NO. 3



**General Docket**
**United States Court of Appeals for DC Circuit**

Court of Appeals Docket #: 07-5295 ✓                                    Docketed: 08/31/2007 ✓
Nature of Suit: 2442 Jobs                                               Termed: 02/26/2008
Kator, Irving, et al v. Jackson, Alphonso R.
Appeal From: United States District Court for the District of Columbia

Case Type Information:
    1) Civil US
    2) United States
    3) -

Originating Court Information:
    District: 0090-1 : 04cv01056                                  Lead: 04cv01056 ✓
    Trial Judge: Ellen Segal Huvelle, U.S. District Judge
    Date Filed: 06/25/2004
    Date Order/Judgment:                      Date NOA Filed:
    08/21/2007                                 08/23/2007

Prior Cases:
    None

Current Cases:
           Lead          Member        Start          End
    Pending Consolidatio
           07-5011 ✓      07-5295 ✓     02/25/2008

Panel Assignment:     Not available

Irving Kator, Guardian of the Person and          Irving Kator ✓
Property of Peter W. Pantazes                      Direct: 202-898-4800
      Plaintiff - Appellee                 [COR LD NTC Pro Se]
                                                   Kator Parks & Weiser
                                                   Firm: 202-898-4800
                                                   1020 19th Street, NW
                                                   Suite 350
                                                   Washington, DC 20036-6101

*1:04CV01030ESH — APPEAL NO. 07-5295*

*JEFFREY A. TAYLOR*

v.

**Alphonso R. Jackson, Acting Secretary, United States Department of Housing**
**Defendant - Appellee**

**Oliver W. McDaniel**
**Direct: 202-616-0739**
**[COR LD NTC Gvt Atty US Agency]**
**U.S. Attorney's Office**
**(USA) Civil Appellate**
**Firm: 202-514-7159**
**555 4th Street, NW**
**Washington, DC 20530**

*IRVING KATOR BECOMES THE GUARDIAN*

**R. Craig Lawrence, Assistant U.S. Attorney**
**[COR Gvt Atty US Agency]**
**U.S. Attorney's Office**
**(USA) Civil Appellate**
**Firm: 202-514-7159**
**555 4th Street, NW**
**Washington, DC 20530**

**Michael L. Buesgens**
**Movant - Appellant**

**Michael L. Buesgens**
**[COR LD NTC Pro Se]**
**3112 Windsor Road**
**Apartment A 322**
**Austin, TX 78703-0000**

**Irving Kator, Guardian of the Person and Property of Peter W. Pantazes,**

**Plaintiff - Appellee**

v.    *HUD AND NEAL PRESNUT, MD, IME*

**Alphonso R. Jackson, Acting Secretary, United States Department of Housing,**

**Defendant - Appellee**

**Michael L. Buesgens,**

**Movant - Appellant**

*WHERE IS IRVING KATOR? NOBODY KNOWS NOTHIN*

**08/31/2007    CIVIL-US CASE docketed. Notice of Appeal filed by Appellant Michael L. Buesgens. [1064354-1]**

*IRVING KATOR - GUARDIAN*

**09/21/2007** ☐ **CLERK'S ORDER** filed [1068323], on the court's own motion, that by October 22, 2007, appellant either pay the $455 appellate docketing and filing fees to the Clerk of the District Court, or file a motion in district court for leave to proceed on appeal in forma pauperis. [Payment of the docketing fee or IFP motion due 10/22/07 for Michael L. Buesgens]. Failure to respond shall result in dismissal of the case for lack of prosecution. The Clerk is directed to send a copy of this order to appellant by certified mail, return receipt requested, and by first class mail [1068323-1]. [Entry Date: 9/21/07]

**09/21/2007** **CERTIFIED MAIL** [1068352-1] SENT with return receipt requested (Receipt #: 7006 0810 0002 3721 7136) of clerk order ifp motion or fee due [1068323-1] Certified mail receipt due 10/22/07 for Michael L. Buesgens.

**09/21/2007** **FIRST CLASS MAIL SENT** [1068353-1] of clerk order ifp motion or fee due [1068323-1], clerk order fail to respond warning [1068323-2].

**09/28/2007** **CERTIFIED MAIL RECEIPT** [1070951-1] RECEIVED by Michael L. Buesgens for Appellant Michael L. Buesgens (signed for on 9/20/07 ) in response to a clerk order ifp motion or fee due [1068323-1] .

**10/04/2007** **INITIAL SUBMISSIONS** filed by Appellant Michael L. Buesgens [1075473-1] : docketing statement; deferred appendix notice (Deferred Appendix needed = N).

**10/11/2007** **SUPPLEMENTAL NOTICE** from Clerk, District Court payment of docketing fee [1072731-1] [DOCKETING FEE WAS PAID ON 10/4/07].

**10/11/2007** ☐ **CLERK'S ORDER** filed [1072738] directing Appellant to file [1072738-1] : docketing statement due 11/13/07 for Michael L. Buesgens ; statement of issues due 11/13/07 for Michael L. Buesgens ; lower court decision due 11/13/07 for Michael L. Buesgens ; any procedural motions due 11/13/07 for Michael L. Buesgens ; deferred appendix notice due 11/13/07 for Michael L. Buesgens ; any dispositive motions due 11/26/07 for Michael L. Buesgens. Directing Appellee to file [1072738-2] : certificate of counsel due 11/13/07 for Irving Kator, Alphonso R. Jackson ; any procedural motions due 11/13/07 for Irving Kator, Alphonso R. Jackson; entry of appearance form due 11/13/07 for R. Craig Lawrence; any dispositive motions due 11/26/07 for Irving Kator, Alphonso R. Jackson. Failure to respond shall result in dismissal of the case for lack of prosecution. [Entry Date: 10/11/07]

**10/31/2007** **MOTION** filed (5 copies) by Appellant Michael L. Buesgens (certificate of service dated 10/31/07) to correct record [1077588-1].

**11/07/2007** **SUPPLEMENT** to [1079605-1] motion to correct record [1077588-1] and motion to stay filed by Appellant Michael L. Buesgens.

**11/14/2007** **INITIAL SUBMISSIONS** filed by Appellant Michael L. Buesgens [1081387-1]: docketing statement; statement of issues; and lower court decision.

*1:04CV01056ESH – APPEAL NO. 07-5295*

| | |
|---|---|
| 11/15/2007 | **INITIAL SUBMISSIONS filed by Appellees Alphonso R. Jackson and Irving Kator [1081216-1]: certificate of counsel.** |
| 11/15/2007 | **ENTRY OF APPEARANCE filed by Attorney Oliver W. McDaniel for Appellee Alphonso R. Jackson, R. Craig Lawrence for Appellee Alphonso R. Jackson [1082669-1] .** |
| 11/19/2007 | **RECORD ON APPEAL filed .** |
| 11/26/2007 | **MOTION filed (5 copies) by Appellee Alphonso R. Jackson (certificate of mail service dated 11/26/07 ) for summary affirmance [1082634-1] Response due on 12/10/07 .** |
| 12/06/2007 | **MOTION filed (5 copies) by Appellant Michael L. Buesgens (certificate of mail service dated 12/5/07) for sanctions [1085108-1].** |
| 12/10/2007 | **MOTION filed (5 copies) by Appellant Michael L. Buesgens (certificate of service dated 12/6/07) to transfer case to the 3rd Circuit [1086438-1], for default judgment [1086438-2], for sanctions [1086438-3].** |
| 12/14/2007 | **DUPLICATE OF 12/10/07 MOTION [filed (5 copies) by Appellant Michael L. Buesgens to transfer case to the 3rd Circuit.** |
| 12/14/2007 | **PETITION filed Copies: 5 by Appellant Michael L. Buesgens (UNSERVED) for appointment of guardian for Peter Pantazes [1088472-1].** |
| 12/14/2007 | **MOTION filed (5 copies) by Appellant Michael L. Buesgens (UNSERVED) to produce documents. [STYLED AS MOTION FOR PRODUCTION OF MEDICAL RECORDS]** |
| 02/01/2008 | **SUPPLEMENT to [1099294-1] motion produce document [1088473-1] filed by Appellant Michael L. Buesgens .** |
| 02/25/2008 | **MOTION filed (5 copies) by Appellant Michael L. Buesgens in 07-5295, Appellant Michael L. Buesgens in 07-5011 (certificate of service dated 2/23/08, by mail) to reopen cases [1102645-1], to consolidate cases [1102645-2]. [07-5295, 07-5011] [STYLED AS APPELLANT/INTERVENOR MICHAEL L. BUESGENS' MOTION TO REOPEN APPEAL NO. 07-5011, USDC NO. 05cv00243SS, AND USDC NO. 06cv01558RCL FOR JOINDER WITH APPEAL NO. 07-5295. USDC 04cv01056ESH].** |
| 02/26/2008 ☐ | **PER CURIAM ORDER filed [1100959] granting motion for summary affirmance filed by Alphonso R. Jackson [1082634-1] denying remaining motions to transfer case to another circuit [1088470-1] [1088473-1] [1086438-1] [1086438-2] [1086438-3] [1085108-1] The Clerk is directed to withhold issuance of the mandate [1100959-1] pending disposition of any timely petition for rehearing. Before Judges Tatel, Garland . [Entry Date: 2/26/08]** |
| 03/10/2008 | **RECORD On APPEAL returned . [07-5295, 07-5011]** |

*07-5295*
*07-5011*

WHERE IS IRVING KATOR ?

## UNITED STATES COURT OF APPEALS
### DISTRICT OF COLUMBIA CIRCUIT
-------------------------------------------------

No.    07-5295 ✓

September Term, 2007
District Ct. No: 04cv01056 ✓

Michael L. Buesgens, Appellant

**v.**

Alphonso R. Jackson, et al., Appellees

**07-5295**    O R D E R

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED    OCT 11 2007

CLERK

This case was filed and docketed on 8/31/07.

It is **ORDERED** that appellant(s) shall submit the following document(s) (original and one copy required, unless otherwise noted) by the indicated date(s):

11/13/07 Docketing statement.
11/13/07 Two copies of the underlying decision.
11/13/07 Statement of issues to be raised.
11/13/07 Original and four copies of procedural motions which would affect the calendaring of this case.
11/13/07 Statement as to whether or not a deferred appendix under F.R.A.P.30(c) will be utilized. (**A** motion will not be necessary.)
11/26/07 Dispositive motions, if any. **See** Cir. R. 27(**g**).
(Original and four copies.)

It is **FURTHER ORDERED** that appellee(s) shall submit the following document(s) (original and one copy required, unless otherwise noted) by the indicated date(s):

11/13/07 Certificate of Counsel (Cir. R. 28(a)(1)).
11/13/07 Entry of Appearance form.
11/13/07 Original and four copies of procedural motions which would affect the calendaring of this case.
11/26/07 Dispositive motions, if any. **See** Cir. R. 27(g).
(Original and four copies.)

It is **FURTHER ORDERED** that briefing in this case is deferred pending further order of the Court.

FOR THE COURT:
Mark J. Langer, Clerk

BY: _Elizabeth V. Scott_

Elizabeth V. Scott, Deputy Clerk

Initial Submissions 86-6 (June 1992)

*IRVING KATOR WINS AGAIN* (handwritten)

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 07-5295 ✓

September Term, 2007
04cv01056 ✓
Filed On: February 26, 2008

[1100959]

Irving Kator, Guardian of the Person and Property of
Peter W. Pantazes,
Appellee

Michael L. Buesgens,
Appellant

*WHERE IS IRVING KATOR?* (handwritten)
*NOBODY KNOWS NOTHN* (handwritten)

v.

Alphonso R. Jackson, Acting Secretary, United States
Department of Housing,
Appellee

*THE MERITS ARE SO CLEAR* (handwritten)
*SAYS COURT STAFF* (handwritten)

BEFORE:    Randolph, Tatel, and Garland, Circuit Judges

### O R D E R

Upon consideration of the motion for summary affirmance and the opposition thereto; the motion for sanctions; the motion for default judgment; the motion to correct the record; the motion for production of documents and the supplement thereto; the motion to transfer; and the motion for the appointment of a guardian, it is

ORDERED that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987). The district court properly denied appellant's motion to intervene pursuant to Fed. R. Civ. P. 24(a)(2) and (b)(2). See Fund for Animals, Inc. v. Norton, 322 F.3d 728, 732 (D.C. Cir. 2003); EEOC v. National Children's Ctr., Inc., 146 F.3d 1042, 1046 (D.C. Cir. 1998). It is

FURTHER ORDERED that the remaining motions be denied.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

# NEAL LEE PRESANT, MD, IME



MAY-02-2001  14:02          FOH                                301 594 4991    P.02/04

**DEPARTMENT OF HEALTH & HUMAN SERVICES**                    Public Health Service

## FOHS

Health Resources and
Services Administration
Bethesda MD 20814

Federal Occupational Health
4350 East West Highway, 3rd Floor
Bethesda, Maryland 20814
npresant@email.foh.dhhs.gov

May 2, 2001

5/2/2001

Ms. Deborah Rizzo
U.S. Department of Housing and Urban Development
Employee Assistance Program
451 7th Street SW
Room 5250
Washington, DC 20410-3000

1:04CV01056 ESH
07-5295

Dear Rizzo:

As requested, here is a summary of the reasonable accommodation requests by Mr. Peter Pantazes and results of my reviewing the medical documentation and calling his health care providers.

| Request | Relevant Medical Evidence |
| --- | --- |
| Zoomtext, Kurzweil 1000, Magnifier, 21 inch computer monitor, small TV Screen, Large Print Books, Magnifying Aids, Increase size of text on computer screen | On all accommodation requests relating to his loss of vision, I would defer to the vocational rehabilitation specialist from the Department of Agriculture who reportedly went to the workplace and performed an evaluation. |
| Minimize distractions in workplace | This is supported by Dr. Whicker's (neurologist) letter of March 15, 2000 and accommodates his easy distractibility. |
| Metro Access | This is supported by Dr. Joseph Romero's letter on January 20, 2000 which states the conditions to be accommodated are congestive heart failure, morbid obesity, with shortness of breath caused by these illnesses. |

| Private Office | This is supported by my discussion with his psychiatrist, Dr. Ganjoo, who believed it would help accommodate his easy distractibility |
|---|---|
| Office near restroom | Because of his vision deficits, congestive heart failure and morbid obesity, it is reasonable that he would have to go to the bathroom fairly frequently and that his mobility would be limited.  Thus, an office near a bathroom would be strongly advised. |
| Access to Health Unit beds, access to office supplies as needed | I assume that every employee as HUD has such access so I am not sure why this is requested as a reasonable accommodation |
| Trained in 108, trained in 108 forms, list of POC's for 108, training on Windows 95, Word, Excel, Lotus notes | I assume all HUD employees are trained in specifics required by their positions.  As far as training in general computer programs such as Windows, etc, I would assume that Mr. Pantazes has the same opportunities to train as other HUD employees.  He would need special training relative to using these programs with his vision impairment. |
| Wooden ruler, yellow paper, cardboard boxes, accordion folders-legal, Manila folders-tabs on left side, 3 ring binder, dividers for notebooks, paper stand for holding documents near computer, Post-it pads | As far as I can tell, these are standard office supplies and would be available to any office worker in HUD |
| Large print documents, large print dictionary, fluorescent lamp with adjustable base, large adjustable desk magnifier with lamp, hand held magnifiers | I would defer to the vocational rehabilitation specialist who visited this area as to which of these are needed and which are redundant. |
| Small couch, refrigerator | None of the submitted medical documentation gave a rationale for these accommodation requests.  When I spoke with his physicians, none of them knew why he had to have these items in his office. |

MAY-02-2001  14:02         FOH                    301 594 4991    P.04/04

FOHS -PSC- OHHS

Please call me at (301) 594-0273 if I can be of any further assistance in this matter.

Sincerely,

Neal L. Present, M.D, CIME
Occupational Medicine Consultant

LAW OFFICES
**KATOR, PARKS & WEISER**
P.L.L.C.
SUITE 350
1020 19TH STREET, N. W.
WASHINGTON, D. C. 20036-6101

(202) 898-4800
FAX: (202) 289-1389

November 27, 2002

<u>VIA FAX - (202) 708-2706</u>

Hon. Mel Martinez
Secretary of Housing and Urban Development
Robert C. Weaver Building
451 7th Street, S.W.
Washington, D.C. 20410

*11/27/2002*

*IRVING KATOR*

Re:   Agency failure to comply with Executive Order regarding disability
accommodations for HUD employee Peter Pantazes (Office of Community
Planning and Development)

Dear Secretary Martinez:

We write greatly disturbed by HUD's ongoing failure to comply with the Rehabilitation Act
and Executive Order 13164, which requires federal agencies to respond to requests for disability
accommodations in a thorough, immediate and sensitive manner.

Our client, Peter Pantazes, suffered a stroke and heart attack in December 1999, which
effected his ability to see and perform other activities. After three months of rehabilitation, he
returned to work at HUD in March 2000 requesting accommodations for his disabilities so that he
could continue to work and support his family. According to the Executive Order, HUD should have
providing him with its policy regarding processing accommodations, provided him with the required
forms, processed his requests expeditiously, and made any denials of his accommodation requests
in writing. HUD did not provide Mr. Pantazes with the required forms until August, 2000 and, as
of today, has not processed his requests or provided him with any decision in writing. Even now,
when the agency is finally attempting to provide Mr. Pantazes with some accommodations after
repeated threats of litigation, it is not following the law by engaging in the interactive process with
him. Rather, it is unilaterally making decisions without engaging Mr. Pantazes, his physicians or
his counsel in discussions to determine what accommodations may be best for him and the agency.
This is far less than what the law requires.

Even more disturbing is the hostility engendered by Mr. Pantazes' supervisors regarding his
disabilities. Just last week, when the agency finally provided him with a magnifier and training, his
immediate supervisor Hugh Allen threatened and harassed Mr. Pantazes. During the training, Mr.
Allen told him "you're not disabled," "you're faking," "there is nothing wrong with you," and
"you're a liar, we have proof." When Mr. Pantazes asked him to leave so he could concentrate on
his training, he said "no" and shook his fist in a threatening manner. Later that day, Mr. Allen went
into Mr. Pantazes' office and took an assignment away from him, stating "you're too slow." Of
course, had Mr. Allen ensured that Mr. Pantazes had received his accommodations over this last two
years, this would not have been a concern.

Deposition Exhibit

1:04CV01056 ESH

APPEAL
NO.
07-5295

**KATOR, PARKS & WEISER**
P.L.L.C.

We remind you that the federal government is supposed to be the "model employer" for individuals with disabilities. Up until now, HUD has been anything but. We ask you to consider whether this is truly the way you want your employees to be treated and your managers to behave. And, we request that you take action to ensure that HUD finally processes accommodation requests as the law requires.

Happy Thanksgiving.

Very truly yours,

Irving Kator
Laura A. Stefani
Attorneys for Mr. Pantazes

cc:     Javes Myong, Esq.
        Office of General Counsel

INTERVENERS EXHIBIT NO. 4



JAN 1 2007
RECEIVED
William O. Putnicki

**UNITED STATES DISTRICT COURT**
**OFFICE OF THE CLERK**
WESTERN DISTRICT OF TEXAS

*1/9/2007*

January 9, 2007

200 West 8th Street, Room 130
Austin, Texas 78701
512-916-5896

District of Columbia Circuit Court of Appeals
5423 E. Barrett Prettyman, United States Courthouse
333 Constitution Avenue, N.W.
Washington, DC 20001

*1:05CV00243SS*

**FILED**

JAN 2 2 2007

CLERK, U.S. DISTRICT COURT,
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

RE:    MICHAEL L. BUESGENS   vs.   JOHN W. SNOW, et. al.
USDC Civil Action No: A:05-CA-243 SS

Dear Sir:

In connection with the above mentioned civil action, the following documents are transmitted. Please acknowledge receipt on the enclosed copy of this letter.

__x__    Certified copies of the notice of appeal, court order (dkt #111 & #115) and docket entries.

_____

Sincerely,

Margarita Chairez-Herrington, Deputy Clerk

/s/

Enc.
cc: Counsel of record w/o enclosure

*1:05CV00243SS*
*AUSTIN, TEXAS*
*APPEAL*
*TO*
*D.C. CIRCUIT*
*07-5011*

*IRVING KATOR*
*1:05CV00243SS*

*USCA Case #:*
*07-5011*

*...IPT ACKNOWLEDGED*
*Sabrina M. Crisp*
**Signature**
*1-19-07*
~~Date~~



RECEIVED

FEB 5 2007

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
            DEPUTY CLERK

FILED

FEB - 5 2007

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
            DEPUTY CLERK

2/5/07

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION
200 W. 8TH ST.
AUSTIN, TEXAS 78701

MICHAEL L BUESGENS
PLAINTIFF

V.

JOHN W. SNOW
SECRETARY
DEPARTMENT OF
THE TREASURY ET.AL.
EEOC NO. 360-2003-8286X

✓ CASE NO.
1:05CV
243SS

07-5011 ✓

PLAINTIFF — APPELLANT BUESGENS
NOTICE OF HIS PAYMENT FOR
APPEAL TO U.S. COURT OF
APPEALS DISTRICT OF COLUMBIA
$455.00 CHECK # 1170
DATED 02/05/2007

CASE NO. 1:05CV2435S
APPEAL NO. 07-5011
BANKRUPTCY NO. 06-11164 FM
ADVERSARY NO. 06-01248FM

SEE ATTACHED COURT ORDER
DATED JANUARY 19, 2007
APPEAL NO. 07-5011
U.S. COURT OF APPEALS
DISTRICT OF COLUMBIA

Michael Buesgens
MICHAEL L BUESGENS
3112 WINDSOR RD #A322
AUSTIN, TEXAS 78703

512-339-6005 X 7958
MIKEBUESGENS@HOTMAIL.COM

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 07-5011

September Term, 2006

05cv00243

Michael Buesgens,
Appellant

v.

Henry Paulson, Jr., Secretary of the Treasury
Appellee

Filed On:



UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED  JAN 1 9 2007

CLERK

## O R D E R

Because appellant has not paid the appellate docketing fee in this case, it is

ORDERED, on the court's own motion, that by February 20, 2007, appellant either pay the $455.00 appellate docketing and filing fees to the Clerk of the District Court, Western District of Texas, see Fed. R. App. P. 3(e); 28 U.S.C. § 1917, or file a motion in district court for leave to proceed on appeal in forma pauperis, see Fed. R. App. P. 24(a). See Attachment. In the event the district court denies leave to proceed on appeal in forma pauperis, appellant may renew that request in this court. See Fed. R. App. P. 24(a)(5).

Appellant's failure to respond to a dispositive motion or comply with any order of the court, including this order, will result in dismissal of the appeal for lack of prosecution. See D.C. Cir. Rule 38.

The Clerk is directed to send a copy of this order to appellant by certified mail, return receipt requested and by first class mail.

FOR THE COURT:
Mark J. Langer, Clerk

BY:

1:05CV002435S
07-5011
APPEAL FEE PAID
$455.00

ORIGINAL

AO82
(Rev. 4/90)

RECEIPT FOR PAYMENT
UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT OF TEXAS

RECEIVED FROM

Michael Leif Buesser
3112 Windsor Rd A#
Austin TX 78703

| Fund | | ACCOUNT | AMOUNT |
|---|---|---|---|
| 08550X | Deposit Funds | 086800 | 5 |
| 604700 | Registry Funds | 086800 | 100 |
| 508900 | General and Special Funds | | |
| 085000 | Immigration Fees | 510000 | 45 |
| 086800 | Attorney Admission Fees | 086900 | 300 |
| 322340 | Filing Fees | TOTAL | 455 |
| 322350 | Sale of Publications | | |
| 322360 | Copy Fees | Case Number or Other Ref | |
| 143500 | Miscellaneous Fees | 1:05-CV-2 | |
| 322380 | Interest | | |
| 322386 | Recoveries of Court Costs | | |
| 121000 | Restitution to U.S. Government | Notice of | |
| 129900 | Conscience Fund | Appeal | |
| 504100 | Gifts | | |
| 613300 | Crime Victims Fund | | |
| 510000 | Unclaimed Monies | | |
| 510100 | Civil Filing Fee (1%) | | |
| | Registry Fee | Michael Buesser | |

$ Checks and drafts are accepted subject to col-
lection and full credit will only be given when the
check or draft has been accepted by the financial
institution on which it was drawn.

| DATE | Cash | Check | M.O. | Credit | DEPUTY CLERK: |
|---|---|---|---|---|---|
| 7-5-07 | | ✓ | | | |

4126

40

*1:05CV0024355*

*07-5011*

## General Docket
## United States Court of Appeals for DC Circuit

**Court of Appeals Docket #: 07-5011**                    **Docketed: 01/19/2007**
**Nature of Suit: 2440 Other Civil Rights**              **Termed: 05/03/2007**
**Buesgens, Michael v. Paulson, Henry, et al**
**Appeal From: United States District Court for the District of Columbia**

**Case Type Information:**
    1) Civil US
    2) United States
    3) -

**Originating Court Information:**
    **District: 0090-1 : 06cv01558**
    **Trial Judge: Royce C. Lamberth, U.S. District Judge**                    **Lead: 06cv01558**
    **Date Filed: 09/01/2006**
    **Date Order/Judgment:**                    **Date NOA Filed:**
    **12/06/2006**                    **12/14/2006**

**Prior Cases:**
    None

**Current Cases:**

| | Lead | Member | Start | End |
|---|---|---|---|---|
| Pending Consolidatio | | | | |
| | 07-5011 | 07-5295 | 02/25/2008 | |

**Panel Assignment:**    Not available

**Michael L. Buesgens**                    **Michael L. Buesgens**
    **Plaintiff - Appellant**              **[COR LD NTC Pro Se]**
                  **3112 Windsor Road**
                   **Apartment A 322**
                   **Austin, TX 78703-0000**

        **v.**

**Henry M. Paulson, Jr., Secretary of the**              **R. Craig Lawrence, Assistant U.S. Attorney**
**Treasury**                                              **[LD NTC Gvt Atty US Agency]**

**Defendant - Appellee**

**U.S. Attorney's Office
(USA) Civil Appellate
Firm: 202-514-7159
555 4th Street, NW
Washington, DC 20530**

Michael L. Buesgens,

    Plaintiff - Appellant

    v.

Henry M. Paulson, Jr., Secretary of the Treasury,

    Defendant - Appellee

*1:05CV002435S*

*07-5011*

| | |
|---|---|
| 01/19/2007 | **CIVIL-US CASE docketed. Notice of Appeal filed by Appellant Michael L. Buesgens. [1017190-1]** |
| 01/19/2007 | ☐ **CLERK'S ORDER filed [1017260] on the court's own motion, that by February 20, 2007, appellant either pay the $455.00 appellate docketing and filing fees to the Clerk of the District Court, Western District of Texas or file a motion in district court for leave to proceed on appeal in forma pauperis in the event the district court denies leave to proceed on appeal in forma pauperis, appellant may renew that request in this court. Appellant's failure to respond to a dispositive motion or comply with any order of the court, including this order, will result in dismissal of the appeal for lack of prosecution. The Clerk is directed to send a copy of this order to appellant by certified mail, return receipt requested and by first class mail. [Entry Date: 1/19/07]** |
| 01/19/2007 | **CERTIFIED MAIL [1017281-1] SENT with return receipt requested ( Receipt #: 7001 1940 0005 9882 1623 ) of clerk order ifp motion or fee due [1017260-1] Certified mail receipt due 2/20/07 for Michael L. Buesgens .** |
| 01/19/2007 | **FIRST CLASS MAIL SENT [1017284-1] of clerk order ifp motion or fee due [1017260-1] .** |
| 01/24/2007 | **MOTION filed (5 copies) by Appellant Michael L. Buesgens in 06-5314 and 07-5011 (certificate of service by mail dated 1/21/07) to consolidate cases 06-5314, 07-5011 [1019801-1]. [06-5314, 07-5011]** |
| 01/25/2007 | **CERTIFIED MAIL RECEIPT [1019521-1] RECEIVED by Michael L. Buesgens for Appellant Michael L. Buesgens (signed for on 1/22/07 ) in response to a clerk order ifp motion or fee due [1017260-1] .** |

02/05/2007     NOTICE filed (via email) by the United States Court of Appeals for the Fifth Circuit informing this Court that the Appellant has paid the $455 docketing fee.

03/27/2007 ☐  PER CURIAM ORDER filed [1031073] of the motions for summary affirmance in No. 06-5314, the oppositions thereto, and the supplemental opposition; the petition for a writ of mandamus and memorandum of law and fact in No. 06-5314; the motion for appointment of counsel in No. 06-5314; the motion for records in No. 06-5314; and the motion to consolidate, it is ORDERED that the motion for appointment of counsel be denied [1016097-2]. [SEE ORDER FOR FURTHER DETAILS]. It is FURTHER ORDERED that the motions for summary affirmance be granted [1007887-1] [1010016-1]. The merits of the parties' positions are so clear as to warrant summary action. [SEE ORDER FOR FURTHER DETAILS]. It is FURTHER ORDERED that the petition for a writ of mandamus be denied [997383-1] in 06-5314]. [SEE ORDER FOR FURTHER DETAILS]. It is FURTHER ORDERED that the motion for records be denied in 06-5314 [1010075-1]. It is FURTHER ORDERED that the motion to consolidate be dismissed as moot [1019801-1] in 06-5314. Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate in No. 06-5314 until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc [1031073-1]. Before Judges Brown, Griffith, Kavanaugh. [Entry Date: 3/27/07] [06-5314]

03/27/2007 ☐  PER CURIAM ORDER TO SHOW CAUSE filed [1031099] of the notice of appeal, and the court's companion order issued this date in this case and Buesgens v. Coates, No. 06-5314, it is ORDERED, on the court's own motion, that appellant show cause, within 30 days of the date of this order, why his appeal should not be dismissed in part and summarily affirmed in part. The response to the order may not exceed 20 pages. [SEE ORDER FOR FURTHER DETAILS]. Failure to comply with this order will result in dismissal of the appeal for lack of prosecution [1031099-1]. [Answer due 4/26/07 for Michael L. Buesgens]. The Clerk is directed to send a copy of this order to appellant both by certified mail, return receipt requested, and by first class mail [1031099-1]. Before Judges Brown, Griffith, Kavanaugh [Entry Date: 3/27/07]

03/27/2007     CERTIFIED MAIL [1031105-1] SENT with return receipt requested (Receipt #: 7006 0810 0002 3721 6375) of Per Curiam order to show cause for summary affirmance [1031099-1] Certified mail receipt due 4/26/07 for Michael L. Buesgens.

03/27/2007     FIRST CLASS MAIL SENT [1031106-1] of Per Curiam order to show cause for summary affirmance [1031099-1], fail to respond warning [1031099-2].

04/09/2007     CERTIFIED MAIL RECEIPT [1033868-1] RECEIVED by R. Bodde for Appellant Michael L. Buesgens (signed for on 4/4/07) in response to a Per Curiam order to show cause summary affirmance [1031099-1].

*1:05CV00243SS - APPEAL NO. 07-5011*

05/03/2007 ☐ **CLERK'S ORDER filed [1038392] by order filed March 27, 2007, directing appellant to file a response to the order to show cause, by April 26, 2007. The order was sent to appellant by certified mail, return receipt requested, and by first class mail. To date, appellant has not complied with the court's March 27, 2007 order. Upon consideration of the foregoing, it is ORDERED that this case be dismissed for lack of prosecution [1038392-1]. The Clerk is directed to issue the mandate in this case 45 days after the date of this order [6/18/07] [1038392-2]. [Entry Date: 5/3/07]**

06/27/2007 **MANDATE ISSUED to Clerk, District Court [1049744-1]**

02/25/2008 **MOTION filed (5 copies) by Appellant Michael L. Buesgens in 07-5295, Appellant Michael L. Buesgens in 07-5011 (certificate of service dated 2/23/08, by mail) to reopen cases [1102645-1], to consolidate cases [1102645-2]. [07-5295, 07-5011] [STYLED AS APPELLANT/INTERVENOR MICHAEL L. BUESGENS' MOTION TO REOPEN APPEAL NO. 07-5011, USDC NO. 05cv00243SS, AND USDC NO. 06cv01558RCL FOR JOINDER WITH APPEAL NO. 07-5295. USDC 04cv01056ESH].**

03/10/2008 **RECORD On APPEAL returned . [07-5295, 07-5011]**

*07-5295 - IRVING KATOR, GUARDIAN ATTORNEY*

**Transaction Receipt**

**04/20/2008 16:18:09**

**Docket    Search**

Case: 07-5011    Document: 012021736    Page: 1

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 07-5011

07-5011    1/19/2007

September Term, 2006

05cv00243

Filed On: January 19, 2007

1:05CV002435S

[1017260]

Michael Buesgens,
Appellant

v.

Henry Paulson, Jr., Secretary of the Treasury
Appellee

## O R D E R

Because appellant has not paid the appellate docketing fee in this case, it is

**ORDERED**, on the court's own motion, that by February 20, 2007, appellant either pay the $455.00 appellate docketing and filing fees to the Clerk of the District Court, Western District of Texas, see Fed. R. App. P. 3(e); 28 U.S.C. § 1917, or file a motion in district court for leave to proceed on appeal in forma pauperis, see Fed. R. App. P. 24(a). See Attachment. In the event the district court denies leave to proceed on appeal in forma pauperis, appellant may renew that request in this court. See Fed. R. App. P. 24(a)(5).

Appellant's failure to respond to a dispositive motion or comply with any order of the court, including this order, will result in dismissal of the appeal for lack of prosecution. See D.C. Cir. Rule 38.

The Clerk is directed to send a copy of this order to appellant by certified mail, return receipt requested and by first class mail.

FOR THE COURT:
Mark J. Langer, Clerk

BY:

Sabrina M. Crisp
Deputy Clerk

Attachment:  Motion for Leave to Proceed on Appeal In Forma Pauperis

# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 07-5011

*07-5011*

*3/27/2007*

September Term, 2006

06cv01558

**Filed On: March 27, 2007** [1031099]

Michael L. Buesgens,
Appellant

v.

Henry M. Paulson, Jr., Secretary of the Treasury,
Appellee

*THE QUICK SWITCH TO 1:06CV01558RCL*

*1:06CV01558RCL WAS 1:06CV00967LY*

*AUSTIN, TX*

**BEFORE:**    Brown, Griffith, and Kavanaugh, Circuit Judges

## O R D E R

Upon consideration of the notice of appeal, and the court's companion order issued this date in this case and <u>Buesgens v. Coates</u>, No. 06-5314, it is

**ORDERED**, on the court's own motion, that appellant show cause, within 30 days of the date of this order, why his appeal should not be dismissed in part and summarily affirmed in part. It appears that the portion of his appeal challenging the transfer of his claims against the federal appellees to the Western District of Texas should be dismissed for lack of jurisdiction. The physical transfer of the case generally deprives the transferring circuit of jurisdiction to review the transfer. <u>In re Briscoe</u>, 976 F.2d 1425, 1426-27 (D.C. Cir. 1992) (per curiam). It further appears that the district court's dismissal of appellant's claims against National Treasury Employees Union President Colleen Kelley on the basis of collateral estoppel should be summarily affirmed. Under the doctrine of collateral estoppel, "'once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.'" <u>McLaughlin v. Bradlee</u>, 803 F.2d 1197, 1201 (D.C. Cir. 1986) (quoting <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980)). The district court decided in appellant's first case that it did not have jurisdiction over appellant's claims against Kelley. <u>See Buesgens v. Coates</u>, 435 F. Supp. 2d 1, 4 (D.D.C. 2006). Such a decision typically precludes relitigation of the jurisdictional issue. <u>GAF Corp. v. United States</u>, 818 F.2d 901, 912 (D.C. Cir. 1987). The response to the order may not exceed 20 pages.

Failure to comply with this order will result in dismissal of the appeal for lack of prosecution. <u>See</u> D.C. Cir. Rule 38.

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

## No. 07-5011                    September Term, 2006

The Clerk is directed to send a copy of this order to appellant both by certified mail, return receipt requested, and by first-class mail.

### Per Curiam

1:05CV002435S
THE SWITCH
TO
1:06CV01558 RCL

LINDA JONES
NANCY DUNN
D.C. CIRCUIT
JUSTICE

**INTERVENERS EXHIBIT NO. 5**

STD

# U.S. District Court
## DISTRICT OF ARIZONA (Phoenix Division)
## CIVIL DOCKET FOR CASE #: 2:06-cv-00864-FJM

**Walraven v. Paulson**
**Assigned to: Judge Frederick J Martone**
**Cause: 28:451 Employment Discrimination**

**Date Filed: 03/24/2006**
**Jury Demand: Plaintiff**
**Nature of Suit: 445 Civil Rights:**
**Americans with Disabilities -**
**Employment**
**Jurisdiction: U.S. Government**
**Defendant**

**Plaintiff**

**Nancy Walraven**

represented by **Joseph Earl Collins**
**Collins & Collins LLP**
**10801 N 32nd St**
**Ste 3**
**Phoenix, AZ 85028-3235**
**602-788-7227**
**Fax: 602-569-6091**
**Email: joecollins@collinslaw.net**
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

*FORMER IRS EMPLOYEES*
*WALRAVEN*
*BUESGENS*

**v.**

**Intervenor Plaintiff**

**Michael L Buesgens**

*KATOR, PARKS, WEISER*

represented by **Michael L Buesgens**
**3112 Windsor Road, A322**
**Austin, TX 78703**
**PRO SE**

*PUT IRVING KATOR*
*IN*
*PHOENIX, ARIZONA*

**v.**

**Defendant**

*FOHS-OHHS OCCUPATIONAL MEDICINE DOCTORS*

**Henry M. Paulson**
**Secretary of The Department of the**

represented by **Peter Michael Lantka**
US Attorneys Office

*NEAL PRESANT, MD, IME*

*Treasury*

2 Renaissance Sq
40 N Central Ave
Ste 1200
Phoenix, AZ 85004-4408
602-514-7739
Fax: 602-514-7760
Email: peter.lantka@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/24/2006 | 1 | COMPLAINT, filed by Nancy Walraven.(Collins, Joseph) (Entered: 03/24/2006) |
| 03/24/2006 | 3 | Filing fee paid, receipt number PHX040997. This case has been assigned to the Honorable Frederick J. Martone. All future pleadings or documents should bear the correct case number: CV06-864-PHX-FJM. Notice of Availability of Magistrate Judge to Exercise Jurisdiction form attached. (ESH, ) (Entered: 03/27/2006) |
| 05/29/2006 | 4 | LODGED Proposed summons submitted on 05/29/06. Document to be filed by Clerk if Motion to Amend is granted. filed by Nancy Walraven (Collins, Joseph) (Entered: 05/29/2006) |
| 06/21/2006 | 5 | Summons Issued as to Mark W Everson. (ESH, ) (Entered: 06/21/2006) |
| 09/13/2006 | 6 | ORDER; Plaintiff is notified that this matter will be dismissed in ten days if the plaintiff fails to show good cause before that date for her failure to serve the summons and complaint. Possible Dismissal due by 9/25/2006. Signed by Judge Frederick J Martone on 9/12/06. (LCF) (Entered: 09/13/2006) |
| 09/20/2006 | 7 | SUMMONS Returned Executed upon US Attorney by Nancy Walraven. Mark W Everson served on 8/16/2006, answer due 10/16/2006. (Collins, Joseph) (Entered: 09/20/2006) |
| 09/20/2006 | 8 | RESPONSE re 6 Order,, Set Deadlines, *dated September 12, 2006* by Plaintiff Nancy Walraven. (Collins, Joseph) (Entered: 09/20/2006) |
| 09/22/2006 | 9 | Notice by Mark W Everson *Notice of Special Appearance* (Lantka, Peter) (Entered: 09/22/2006) |
| 09/22/2006 | 10 | MOTION to Dismiss Case *Motion to Dismiss for Failure to Serve Process* by Mark W Everson. (Attachments: # 1 # 2)(Lantka, Peter) (Entered: 09/22/2006) |
| 10/05/2006 | 11 | RESPONSE in Opposition re 10 MOTION to Dismiss Case *Motion to Dismiss for Failure to Serve Process* filed by Nancy Walraven. (Collins, Joseph) (Entered: 10/05/2006) |

| 10/05/2006 | 12 | AFFIDAVIT in Opposition re 10 MOTION to Dismiss Case *Motion to Dismiss for Failure to Serve Process* filed by Nancy Walraven. (Collins, Joseph) (Entered: 10/05/2006) |
| 10/13/2006 | 13 | REPLY in Support re 10 MOTION to Dismiss Case *Motion to Dismiss for Failure to Serve Process* filed by Mark W Everson. (Lantka, Peter) (Entered: 10/13/2006) |
| 11/28/2006 | 14 | ORDER denying dft's 10 Motion to Dismiss and allowing pla to and including 12/11/06 within which to comply with Rule 4's service requirements, absent which this case will be dismissed . Signed by Judge Frederick J Martone on 11/27/06. (KMG) (Entered: 11/28/2006) |
| 12/11/2006 | 15 | CERTIFICATE OF SERVICE by Nancy Walraven *SECOND AFFIDAVIT AND NOTICE OF SERVICE OF SUMMONS & MARK W. EVERSON, SECRETARY COMPLAINT FOR DISCRIMINATION* (Collins, Joseph) (Entered: 12/11/2006) |
| 02/05/2007 | 16 | MOTION to Dismiss Case by Mark W Everson. (Attachments: # 1)(Lantka, Peter) (Entered: 02/05/2007) |
| 02/22/2007 | 17 | STIPULATION re 16 MOTION to Dismiss Case *to file a response by 3/15/07* by Nancy Walraven. (Collins, Joseph) (Entered: 02/22/2007) |
| 03/14/2007 | 18 | RESPONSE in Opposition re 16 MOTION to Dismiss Case RESPONSE TO MOTION TO DISMISS CLAIM FOR DISCRIMINATION AGAINST SEXUAL ORIENTATION AND MOTION TO AMEND TO CLARIFY CAUSES OF ACTION filed by Nancy Walraven. (Collins, Joseph) Modified on 3/15/2007 (LAD). INCORRECT EVENT TYPE SELECTED. THIS ENTRY HAS BEEN MODIFIED TO REFLECT THAT IT IS ALSO A MOTION TO AMEND. LODGED PROPOSED DOCUMENT EVENT NOT ENTERED. STRIKE-OUT VERSION OF AMENDED PLEADING WITH COVER SHEET NOT ATTACHED TO MOTION. ATTORNEY NOTICED. (Entered: 03/14/2007) |
| 03/15/2007 | 19 | NOTICE TO FILER OF DEFICIENCY re 18 Response in Opposition filed by Nancy Walraven. Description of deficiency: Incorrect document type selected. Original amended pleading not electronically lodged using "Lodged Proposed Document" event. No redline/strikeout version attached to motion. Do not refile the Motion. See attached for further information. (LAD) (Entered: 03/15/2007) |
| 03/23/2007 | 20 | REPLY in Support re 16 MOTION to Dismiss Case filed by Mark W Everson. (Lantka, Peter) (Entered: 03/23/2007) |
| 04/17/2007 | 21 | ORDER SETTING RULE 16 SCHEDULING CONFERENCE: Scheduling Conference set for 8/17/2007 02:00 PM before Judge Frederick J Martone. IT IS FURTHER ORDERED that counsel shall jointly file their Proposed Case Management Plan with the Clerk not less than five (5) days before the Pretrial Scheduling Conference. No extensions of time will be granted. Signed by Judge Frederick J Martone on 04/16/07. (DNH) (Entered: 04/17/2007) |

| 07/02/2007 | 22 | ORDER granting dft's 16 Motion to Dismiss; FURTHERMORE denying pla's 18 Motion (Request) for leave to amend. Signed by Judge Frederick J Martone on 6/29/2007.(LAD) (Entered: 07/02/2007) |
|---|---|---|
| 07/02/2007 | 23 | CLERK'S JUDGMENT: IT IS THEREFORE ORDERED AND ADJUDGED that the Court having granted Defendants Motion to Dismiss, Plaintiff take nothing and the Complaint and this action are hereby dismissed. (LAD) (Entered: 07/02/2007) |
| 07/06/2007 | 24 | ORDER re 23 CLERK'S JUDGMENT:(LAD), Neither party has requested that we enter judgment on the dismissed claim pursuant to Rule 54(b), Fed. R. Civ. P. Therefore, pursuant to Rule 60(a), Fed. R. Civ. P., IT IS ORDERED VACATING the judgment entered by the clerk (doc. 23). Case reopened. Signed by Judge Frederick J Martone on 7/5/07. (LCF) (Entered: 07/06/2007) |
| 07/09/2007 | 25 | MOTION for Stipulated Motion to Change Case Caption by Mark W Everson. (Attachments: # 1 Text of Proposed Order Proposed Order)(Lantka, Peter) (Entered: 07/09/2007) |
| 07/12/2007 | 26 | ORDER granting 25 Motion to change the caption to reflect Nancy Walraven v. Henry M. Paulson, Secretary of The Department of the Treasury. Signed by Judge Frederick J Martone on 7/11/07.(LCF) (Entered: 07/12/2007) |
| 07/12/2007 | 27 | ANSWER to Complaint by Henry M. Paulson.(Lantka, Peter) (Entered: 07/12/2007) |
| 07/12/2007 | 28 | REPORT re: Rule 26(f) Planning Meeting by Henry M. Paulson. (Lantka, Peter) (Entered: 07/12/2007) |
| 07/16/2007 | 29 | Notice re Service by Henry M. Paulson *Notice of Service of Defendant's First Set of Interrogatories and First Request for Production of Documents to Plaintiff* (Lantka, Peter) (Entered: 07/16/2007) |
| 07/16/2007 | 30 | Notice re Service by Henry M. Paulson *Notice of Service of Third Party Requests for Production of Documents* (Lantka, Peter) (Entered: 07/16/2007) |
| 07/16/2007 | 31 | Notice re Service by Henry M. Paulson *Notice of Service of Defendant's Initial Disclosures* (Lantka, Peter) (Entered: 07/16/2007) |
| 07/25/2007 | 32 | Notice re First Disclosure by Nancy Walraven (Collins, Joseph) (Entered: 07/25/2007) |
| 08/01/2007 | 33 | Minute Order. The Court ORDERS resetting the Scheduling Conference in this matter from 8/17/2007 to 10/26/2007 at 2:00 PM in Courtroom 506, 401 West Washington Street, Phoenix, AZ 85003 before Judge Frederick J Martone. Counsel shall jointly file their Proposed Case Management Plan with the Clerk by 10/19/2007. (This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry.)(KAR) (Entered: 08/01/2007) |

| 08/29/2007 | 34 | MOTION for Leave to Appeal *MOTION FOR LEAVE TO APPEAL THE MOTION TO DISMISS* by Nancy Walraven. (Attachments: # 1 Exhibit proposed amended complaint)(Collins, Joseph) Modified on 8/30/2007 (TLJ). DOCUMENT FILED WITH INCORRECT CASE CAPTION. (Entered: 08/29/2007) |
|---|---|---|
| 08/30/2007 | 35 | NOTICE TO FILER OF DEFICIENCY re 34 MOTION for Leave to Appeal filed by Nancy Walraven. Description of deficiency: Document filed with incorrect case caption. (TLJ) (Entered: 08/30/2007) |
| 09/17/2007 | 36 | RESPONSE in Opposition re 34 MOTION for Leave to Appeal *MOTION FOR LEAVE TO APPEAL THE MOTION TO DISMISS* filed by Henry M. Paulson. (Lantka, Peter) (Entered: 09/17/2007) |
| 10/15/2007 | 37 | ORDER denying plaintiff's 34 Motion for Leave to Appeal the Motion to Dismiss. Included within plaintiff's motion is a motion for leave to amend the complaint based upon an Executive Order rather than Title 7. Plaintiff's alternative motion for leave to amend the complaint is DENIED. Signed by Judge Frederick J Martone on 10/15/07.(SAT) (Entered: 10/15/2007) |
| 10/24/2007 | 38 | Notice by Henry M. Paulson *Notice of Service of Third Party Requests for Production of Documents* (Lantka, Peter) (Entered: 10/24/2007) |
| 10/26/2007 | 39 | Minute Entry for proceedings held before Judge Frederick J Martone. Appearances: Joseph Collins for plaintiff and Peter Lantka for defendant. Scheduling Conference held on 10/26/2007. Case management plan is as stated on the record. Rule 16 Scheduling Order to follow. (Court Reporter Linda Schroeder.)(This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry.) (KAR) (Entered: 10/26/2007) |
| 10/26/2007 | 40 | RULE 16 SCHEDULING ORDER: Discovery due by 5/30/2008. Dispositive motions due by 7/11/2008. Proposed Pretrial Order due by 11/14/2008. Final Pretrial Conference set for 11/21/2008 at 3:00 PM in Courtroom 506, 401 West Washington Street, Phoenix, AZ 85003 before Judge Frederick J Martone. Bench Trial set for 12/9/2008 09:00 AM in Courtroom 506, 401 West Washington Street, Phoenix, AZ 85003 before Judge Frederick J Martone. Signed by Judge Frederick J Martone on 10/26/2007. (KAR) (Entered: 10/26/2007) |
| 12/12/2007 | 41 | Notice by Henry M. Paulson *Notice of Service of Third Party Requests for Production of Documents* (Lantka, Peter) (Entered: 12/12/2007) |
| 12/13/2007 | 42 | Notice by Henry M. Paulson *Notice of Service of First Supplemental Disclosure to Plaintiff* (Lantka, Peter) (Entered: 12/13/2007) |
| 12/18/2007 | 43 | Notice by Henry M. Paulson *Notice of Service of Defendant's Response to Plaintiff's Interrogatories* (Lantka, Peter) (Entered: 12/18/2007) |
| 01/09/2008 | 44 | Notice by Henry M. Paulson *Notice of Service of Defendant's Third-Party Request for Production of Documents* (Lantka, Peter) (Entered: 01/09/2008) |

# MOTION TO INTERVENE

| 02/12/2008 | 45 | Notice by Henry M. Paulson *Notice of Service of Second Supplemental Disclosure to Plaintiff* (Lantka, Peter) (Entered: 02/12/2008) |
|---|---|---|
| 02/22/2008 | 46 | MOTION for Summary Judgment by Henry M. Paulson. (Lantka, Peter) (Entered: 02/22/2008) |
| 02/22/2008 | 47 | STATEMENT of Facts in Support re 46 MOTION for Summary Judgment by Defendant Henry M. Paulson. (Attachments: # 1 Exhibit Index, # 2 Exhibits 1-27)(Lantka, Peter) (Entered: 02/22/2008) |
| 03/25/2008 | 48 | MOTION for Extension of Time RESPOND TO MOTION FOR SUMMARY JUDGEMENT by Nancy Walraven. (Collins, Joseph) (Entered: 03/25/2008) |
| 03/26/2008 | 49 | Notice by Henry M. Paulson *Notice of Defendant's Expert Disclosures* (Lantka, Peter) (Entered: 03/26/2008) |
| 04/01/2008 | 50 | ORDER granting 48 Plaintiff's Motion for Extension of Time. Plaintiff shall have to and including 4/11/08 to respond to defendant's motion for summary judgment. Signed by Judge Frederick J Martone on 4/1/08.(TLJ) (Entered: 04/01/2008) |
| 04/10/2008 | 51 | MOTION to Intervene by Michael L Buesgens. (Attachments: # 1 additional attachment, # 2 additional attachment)(TLJ) (Entered: 04/11/2008) |
| 04/11/2008 | 52 | RESPONSE in Opposition re 46 MOTION for Summary Judgment *PLAINTIFF OPPOSITION TO MOTION FOR SUMMARY JUDGEMENT* filed by Nancy Walraven. (Attachments: # 1 Exhibit STATEMENT OF FACTS IN SUPPORT OF PLAINTIFF OPPOSITION TO MOTION FOR SUMMARY JUDGEMENT, # 2 Affidavit AFFDIAVIT OF PLAINTIFF OPPOSITION TO MOTION FOR SUMMARY JUDGEMENT)(Collins, Joseph) (Entered: 04/11/2008) |
| 04/14/2008 | 53 | MOTION for order for discovery and disclosure by Michael L Buesgens. (Attachments: # 1 exhibits)(TLJ) (Entered: 04/16/2008) |
| 04/16/2008 | 54 | MOTION for subpoena duces tecum by Michael L Buesgens. (Attachments: # 1 exhibit 4)(DMT, ) (Entered: 04/17/2008) |