UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RECEIVED**

APR 3 0 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| **IRIS WOOD,** ) | |
| ) | |
| Plaintiff, *Pro Se* ) | |
| ) | |
| v. ) | Civil Action No. 07-1597 (RMU) |
| ) | (JURY TRIAL DEMANDED) |
| **IRVING KATOR, MICHAEL KATOR,** ) | |
| **CATHY A. HARRIS,** ) | |
| Kator, Parks & Weiser, PLLC, ) | |
| (previously known under other ) | |
| law firm names) ) | |
| ) | |
| **Defendants** ) | |
| ) | |

## MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiff, pro se, asks leave of court pursuant to Rules 15(a) and 15(c)(2) of the Federal Rules of Civil Procedure, Local Rule LCvR 7(i), and the presiding Judge's March 2008 orders, to file the following second amendment to her complaint(s), previously filed in the above-entitled and numbered cause.

The Amendment is sought as pro se plaintiff and was previously requested in the interest of justice.

Such proposed Second Amended Complaint with a copy of plaintiff's Affidavits are submitted herein.

Dated: April 29, 2008

Respectfully submitted,

*/s/ Iris Wood*
Iris Wood, Plaintiff *Pro Se*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IRIS WOOD,**  )<br>  )<br>Plaintiff, *Pro Se*  )<br>  )<br>v.  )<br>  )<br>**IRVING KATOR, MICHAEL KATOR,**  )<br>**CATHY A. HARRIS,**  )<br>Kator, Parks & Weiser, PLLC,  )<br>(previously known under other  )<br>law firm names)  )<br>  )<br>**Defendants**  )<br>  ) | Civil Action No. 07-1597 (RMU)<br>(JURY TRIAL DEMANDED) |

## ORDER

The motion of plaintiff for an order granting leave to amend its complaint(s), previously filed in the above entitled and numbered cause, is granted.

After reading the motion, the court is of the opinion, that justice requires leave to amend be granted. Therefore,

IT IS ORDERED that plaintiff be granted leave to file its second amended complaint.

Dated: May   , 2008

_____
JUDGE, UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IRIS WOOD, ) <br> ) <br> Plaintiff, *Pro Se* ) <br> ) <br> v. ) <br> ) <br> IRVING KATOR, MICHAEL KATOR, ) <br> CATHY A. HARRIS, ) <br> Kator, Parks & Weiser, PLLC, ) <br> (previously known under other ) <br> law firm names) ) <br> ) <br> Defendants ) <br> ) | Civil Action No. 07-1597 (RMU) <br> (JURY TRIAL DEMANDED) |

## SECOND AMENDED COMPLAINT

Plaintiff, pro se, amends the first amended complaint with 2nd affidavit and the original complaint with 1st Affidavit pursuant to Rule 15(a) and 15(c)(2) of the Federal Rules of Civil Procedure, Local Rule LCvR 7(i), and the presiding Judge's March 2008 orders, as follows:

### I. INTRODUCTION

This civil cause of action is brought pursuant to common law and statutory authority in the District of Columbia, as approved by the Courts, District of Columbia Council, and/or the U.S. Congress. It includes (but is not limited to) liability arising from misfeasance, malfeasance, and/or nonfeasance illuminated by the District of Columbia Bar Rules, Rules of Professional Conduct (amended), Appendix A, and the District of Columbia Code. Pro se Plaintiff, Iris Wood, files this action timely for professional

malpractice (negligent and intentional torts, contractual violations including but not limited to disputed fee agreements), breach of fiduciary duties and obligations, deceit, bad faith, and constructive fraud, against defendants: (a) Irving Kator, (b) Michael Kator, (c) Cathy A. Harris, (d) the law firm of Kator, Parks & Weiser, PLLC, and (e) prior law firms. In support of this action, plaintiff avers the following:

## II. PARTIES

Plaintiff, *Pro Se,* is Iris Wood, whose address is POBX 1200, Lamar, SC 29069-1200.

Four (or more as may be developed) Defendants, Irving Kator, Michael Kator, Cathy A. Harris, and Kator, Parks & Weiser, PLLC (previously known under the names of other law firms at other addresses in Washington, D.C., since 1993), have at all times pertinent been and are attorneys licensed to practice law in the District of Columbia. Defendants maintain a current office for the purpose of practicing law at 1200 18th Street, NW, Tenth Floor, Washington, DC 20036.

All partners of Kator, Parks & Weiser, PLLC (previously known under the names of other law firms at other addresses in Washington, DC, since 1993) have liability as defendants but all their names are not known at this time. After their identities are known, plaintiff will request leave to amend the complaint to include their names.

## III. JURISDICTION

This court has jurisdiction in all claims asserted herein. This case involves minimum damages of $500,000, diversity of citizenship, federal question, and a federal

entity. Plaintiff and defendants are citizens of different states and the amount in controversy exceeds $500,000.00.

### IV. VENUE

Venue is proper in this Court as a substantial part of the events giving rise to this lawsuit occurred in the District of Columbia. The breaches of contract, unlawful practices, and tortuous conduct complained of in this complaint occurred in the District of Columbia.

### V. NATURE OF ACTION

The Plaintiff's 1st Affidavit previously and contemporaneously filed is incorporated by reference herein.

Between 1993 and 2006 the plaintiff employed defendants to represent her with regard to employment matters involving the Library of Congress in Washington, D.C. Various written agreements of representation (drafted by defendants) were executed by plaintiff and defendants between 1993 and 2006, under which defendants agreed to begin and continue to represent plaintiff.

As a result of the attorney-client relationship created by the above parties, defendants had a duty to represent plaintiff with the reasonable care, skill, and diligence possessed and exercised by the ordinary attorney acting in similar circumstances, as the standard of care, regarding litigation and administrative claims.

As a result of the attorney-client relationship created by the above parties, defendants, who held themselves out to the public as possessing greater than ordinary knowledge and

skill in the field of employment law and cases, had a duty to represent plaintiff with the reasonable care, skill, and diligence ordinarily possessed and exercised by attorneys specializing in the field of employment law and cases and acting under similar circumstances, as the standard of care, in court and on the administrative level.

As a result of the attorney-client relationship created by the above parties, defendants, who held themselves out to the public as possessing greater than ordinary knowledge and skill in litigation and trial work, had a duty to represent plaintiff with the reasonable care, skill, and diligence ordinarily possessed and exercised by attorneys specializing in litigation and trial work and acting under similar circumstances, as the standard of care.

Defendants consciously set about to "manage" this case to some compromised settlement, and lacked genuine intent to energetically litigate. In doing so they neglected to obtain full evidence, neglected to do full research and investigation, on the administrative and court levels. On the court level defendants neglected to depose highly probative witnesses known to them; knowingly conducted incompetent and inadequate discovery with adverse witnesses with whom they did come in contact; knowingly conducted incompetent and inadequate discovery of documents and progressive discovery of information from the employer and from individuals during discovery to support claims of unequal, disparate treatment and discrimination; and knowingly allowed plaintiff's case to languish and become an "old" case for judicial review.

Defendants also attempted to manage the case by subverting the instructions of their client, the plaintiff. By manipulation and deceit defendants sabotaged plaintiff's instructions about settlement all of which had to be with her knowledge, consent, approval, and written signature, according to her instructions. This resulted in bad faith,

4

deceit and constructive fraud.

By avoiding focus on the employer's law office, defendants curried favor for other clients in a violation of their fiduciary duties to plaintiff. (See Plaintiff's 1st Affidavit.) Even with defendants' focus on sterile procedural arguments and avoidance of individual confrontations, defendants still failed to properly investigate the <u>AFSCME Union</u> case upon which they relied for a 5 to 10 year "strategy" regarding plaintiff's procedural and due process rights.

Defendants thus failed to represent this plaintiff with the zeal and intellectual energy the minimal professional standards applicable required. For the foregoing and other reasons caused by defendants, plaintiff's suit with causes of action was dismissed, and plaintiff was denied a hearing and jury trial and relief on the basis of her claims.

Defendants' conduct on behalf of plaintiff was a breach of defendants' duty to exercise reasonable care, skill, and diligence on plaintiff's behalf in similar circumstances (as attorneys, in general, and as specialists in litigation, trial work, and employment law and employment cases), as a standard of care.

The defendants perpetrated to the plaintiff's detriment negligent and intentional torts (simple and willful), plus contractual (express and implied) violations including but not limited to disputed fee agreements, as well as violations of fiduciary duties, deceit, bad faith, and constructive fraud.

CAUSES OF ACTION included here are at least legal malpractice as negligence, legal malpractice as breach of express and implied contracts, deceit (fraud), breach of contract with fraudulent act, bad faith, constructive fraud, breach of fiduciary duties and obligations, and judgmental liability on the administrative and court levels.

Plaintiff seeks return of all fees paid to defendants as well as production of any files.

Plaintiff seeks immediate thorough disgorgement of all her case files and papers upon receipt of this complaint. Plaintiff will seek leave to amend this complaint after appropriate time to obtain and review any files previously withheld. Several verbal and written requests to defendants for return of papers and files were met with delays and denials. Plaintiff seeks any files or papers removed or withheld shall be provided promptly to plaintiff with notice to the court.

As a result of defendants' breaches of contracts and negligent behaviors of omissions and commissions, violations of fiduciary duties, and deceit, plaintiff sustained injuries and monetary losses.

The injury suffered is at least the loss of a cause of action and the value of the lost claim(s). Specifically, plaintiff's injuries include, but are not limited to, loss of the cause of action, that claim and award, and the interest that plaintiff would have recovered but for the defendant's negligence. The minimum or ad damnum is $500,000.

The injuries and damages sustained by plaintiff were proximately caused by defendants' breach of duties as set forth herein (under tort & contract, express and implied) including but not limited to negligence, willful negligence, violation of fiduciary duties, and deceit, on the administrative and court levels. But for defendants' breach of duties, failures, omissions, and compromises, including pertaining to discovery and evidence, the judge would have found a prima facie case of hostile work environment, disparate treatment and discrimination; and a subsequent jury would have found for plaintiff. Plaintiff committed no acts of negligence that contributed to her damages.

Plaintiff alleges deceit by defendants with the option to add collusion later as a cause

of action if evidence obtained during discovery warrants it.

For example, defendant made false representations to plaintiff about deposing plaintiff's boss as a witness in an employment case. Defendant not only intentionally misrepresented the witness' availability but he also made the excuses in order to avoid deposing the witness and placing him under oath; thereby, deceiving plaintiff as his client twice. Defendant knew and intended to deceive plaintiff about the details and about his reasons for not deposing the witness and placing him under oath. Defendant continued to pursue his line of deception in the face of public information to the contrary about the witness' availability as an active member of the MD Bar with a local address and public statements that he was practicing law part-time even in retirement. Plaintiff relied upon defendant's refusal to depose this witness by not reporting it to the presiding Judge which resulted in damages to plaintiff's case, lack of evidence, and difficulty making a prima facie case of hostile work environment, disparate treatment, and discrimination in employment.

Plaintiff seeks exemplary damages for such conduct on the part of defendants, in the amount of at least $1,000,000.

As a result of defendants' breaches of contract and negligence, simple and willful, violations of fiduciary duties, deceit, bad faith, constructive fraud, plaintiff has been damaged in the amount to be proven at trial (minimum $500,000.00 compensatory, minimum $1,000,000 exemplary) plus the costs of this suit and all fees and expenses already paid by plaintiff.

Plaintiff also requests any and all other relief legal and equitable to which the Court may find her entitled.

**JURY DEMAND**

Plaintiff demands a jury trial.

Dated: April 29, 2008

Respectfully submitted,

*[signature]*

Iris Wood, Plaintiff *Pro Se*

Plaintiff's Affidavits Attached.