UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IRIS WOOD,

    Plaintiff, *Pro Se*

       v.                                             No. 07-1597 (RMU)

IRVING KATOR, *et al.*

    Defendants.

## REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

Defendants hereby reply to Plaintiff's April 30, 2008 opposition to Defendants' motion to dismiss her amended complaint. Because Plaintiff's amended complaint suffers the same deficits as her original complaint, Defendants urge the Court to dismiss her amended complaint.

Plaintiff, through her opposition and amended complaint, has not cured the fatal flaws to her earlier pleadings. Plaintiff still fails to state a claim of legal malpractice, negligent or otherwise, under District of Columbia law. Despite now having had an opportunity to restate her claims, Plaintiff still cannot state a claim upon which relief can be granted. Therefore, Defendants respectfully request that the Court dismiss her complaint in its entirety.

In her amended complaint, Plaintiff appears to still focus on counsel's decision not to depose one individual, her former "boss."[1] She also makes other vague assertions in her complaint regarding the alleged failure of Defendants to conduct proper discovery and legal research. But, even after reviewing Defendants' arguments in their motion to dismiss, Plaintiff is

---

[1] Plaintiff does not mention that Defendants had previously examined this individual extensively during one of the administrative proceedings that preceded her complaint.

still unable to plead any facts to show that counsels' decisions were anything other than "reasonable judgments about trial strategy." *Morrison Cohen Singer & Weinstein v. Schwartz*, 1995 U.S. Dist. LEXIS 4553 at *3 (S.D.N.Y. Apr. 10, 1995).

Plaintiff is also still unable to plead that she suffered injury as a result of Defendant's actions. For example, other than broadly speculating that the deposition would have brought her greater "leverage in settlement," and assisted her in the "presentation of facts in her case," she does not plead facts to show that but for counsel's failure to take the deposition, Plaintiff would have succeeded in her case. Plaintiff has not even sought to articulate how taking this deposition would have allowed her to survive summary judgment. Plaintiff needs to have made more than speculative assertions in order to state a claim of legal malpractice. *See Washington v. District of Columbia*, 538 F. Supp.2d 269, 2008 U.S. Dist. LEXIS 20447, at *7 (Mar. 18, 2008, D.D.C) (citing *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1967 , 1969 (2007)) (noting that to survive a motion to dismiss under Rule 12(b)(6), plaintiff must allege a "plausible entitlement to relief"). Because she has not done so here, the Court must dismiss her complaint.

Plaintiff also argues in her opposition that her claims should proceed because she included a claim that defendants failed to follow her instructions, apparently with respect to obtaining her approval for settlements. Pl. Opp. at 6. But Plaintiff did not allege in her complaint any failure of Defendants to follow Plaintiff's instructions, with respect to settlement or otherwise. Moreover, it is unclear what damage, if any, would have resulted from this alleged violation, considering that the case was not settled.

Plaintiff seeks to distinguish her complaint from that in *Richards*, in which the Court noted that claims which are "fanciful" or those which allege "bizarre conspiracy theories" must be dismissed pursuant to Rule 12(b)(6).  But Plaintiff's wholly unsupported claims of conspiracy between her former employer and Defendants steer her complaint into that of pure fantasy.  *See* Pl. Opp. at 7 (alleging, without any factual underpinnings, conspiracy between Defendants and former employer: "if defendants 'threw' plaintiff's case in return for a settlement, the deal was to NOT confront and expose the individual colleagues or the employer's law office."); Pl. "First Affidavit," Sept. 6, 2007, at 10 (alleging collusion between defendants and former employer).  *See also Richards*, 480 F. Supp.2d at 231-232.  This Court should not let her claims proceed.

Last, Plaintiff is not entitled to any special consideration or lenity due to her *pro se* status.  To be sure, Plaintiff's proliferation of baffling pleadings proves her point that she is inexpert in litigation.  But Plaintiff, as an attorney, has chosen to represent herself and thus she must be held to the appropriate standards.  *See Richards v. Duke Univ.*, 480 F. Supp. 2d 222, 234 (D.D.C. 2007) ("[P]laintiff is an attorney [and thus] is not automatically subject to the very liberal standards afforded to a non-attorney pro se plaintiff because an attorney is presumed to have a knowledge of the legal system and need[s] less protections from the court.").  The fact that Plaintiff is "not experienced" in the field of malpractice law nor admitted in this district should have led her to retain someone who is rather than waste this Court's time with whimsical arguments and stream of consciousness pleadings.  It cannot excuse her requirement to properly state a claim in her complaint.[2]

---

[2] Perhaps hoping to forestall the inevitable, Plaintiff has repeated her pattern of seeking to amend her complaint in the face of a pending motion to dismiss.  *See* Pl. Motion, May 2, 2008 (Docket Entry No. 23).  Defendant will be opposing this motion on or before May 14, 2008.

For the foregoing reasons, and the entire record in this case, Defendants respectfully request that the Court dismiss Plaintiff's amended complaint in its entirety.

Respectfully submitted,

_____s/_____
Adrienne M. Tranel (502502)
Kator, Parks & Weiser, PLLC
1200 18th Street, Suite 1000
Washington, DC 20036
(202) 898-4800

May 12, 2008                                          Attorney for Defendants