UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
MAY 2 7 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IRIS WOOD, )
)
Plaintiff, *Pro Se* )
)
v. )   Civil Action No. 07-1597 (RMU)
)   (JURY TRIAL DEMANDED)
IRVING KATOR, MICHAEL KATOR, )
CATHY A. HARRIS, )
Kator, Parks & Weiser, PLLC, )
(previously known under other )
law firm names) )
)
Defendants )

## PLAINTIFF'S REPLY AND OPPOSITION TO DEFENDANTS'

## MAY 2008 OPPOSITION TO PLAINTIFF'S APRIL 2008 MOTION FOR LEAVE

## TO FILE SECOND AMENDED COMPLAINT

Plaintiff, pro se, replies to and opposes herein defendants' May 15, 2008, Opposition to plaintiff's April 30, 2008, Motion for Leave to File Second Amended Complaint.

Plaintiff, pro se, opposes and denies defendants allegations. Plaintiff's Reply and Opposition is enclosed herein.

Motion for Leave to File Second Amended Complaint with proposed Second Amended Complaint and a copy of plaintiff's Affidavits were mailed to defendants by priority mail on April 29, 2008, and were filed on April 30, 2008.

Plaintiff references and incorporates the presiding judge's March 2008 comments and orders from the civil docket in the above referenced case number pertaining to amended complaint and second amended complaint; and references her prior arguments and responses.

The court should deny defendants' May 15, 2008, Opposition referenced herein for failure to file timely, LCvR 7(b), among other reasons discussed herein. Defendants' request for an additional day to file was also not filed timely.

Plaintiff, pro se, submits herein a Reply and Opposition and a proposed Order.

Dated: May 22, 2008

Respectfully submitted,

*[signature]*

Iris Wood, Plaintiff *Pro Se*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IRIS WOOD, )<br>)<br>Plaintiff, *Pro Se* )<br>)<br>v. )<br>)<br>IRVING KATOR, MICHAEL KATOR, )<br>CATHY A. HARRIS, )<br>Kator, Parks & Weiser, PLLC, )<br>(previously known under other )<br>law firm names) )<br>)<br>Defendants )<br>) | Civil Action No. 07-1597 (RMU)<br>(JURY TRIAL DEMANDED) |

## PLAINTIFF'S REPLY AND OPPOSITION TO DEFENDANTS'

## MAY 2008 OPPOSITION TO PLAINTIFF'S APRIL 2008 MOTION

## FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiff, pro se, replies to and opposes herein defendants' May 15, 2008, Opposition to plaintiff's April 30, 2008, Motion for Leave to File Second Amended Complaint based upon "Federal Rule 15(a)(2)."

Plaintiff, pro se, opposes and denies defendants allegations that plaintiff has not stated a viable claim.

Plaintiff, pro se, submits herein a Reply and Opposition and a proposed Order Denying defendants' Opposition.

Motion for Leave to File Second Amended Complaint with proposed Second Amended Complaint and a copy of plaintiff's Affidavits were mailed to defendants by priority mail on April 29, 2008, and were filed on April 30, 2008.

Plaintiff references and incorporates the presiding judge's March 2008 comments and orders from the civil docket in the above referenced case number pertaining to amended complaint and second amended complaint; and references all her prior arguments and responses.

The court should deny defendants' May 15, 2008, Opposition (DOC 31) referenced herein for failure to file timely, LCvR 7(b), among other reasons discussed herein. Defendants' request for an additional day to file (DOC 30) was also not filed timely.

The court should accept plaintiff's Motion for Leave to File along with the 2nd Amended Complaint.

Plaintiff, pro se, submits herein a Reply and Opposition and a proposed Order.

Defendants based their argument on "Federal Rule 15(a)(2)."

The rule defendants reference, Federal "Rule 15(a)(2)," cannot be found by pro se plaintiff in the Federal Rules, as pointed out in previous responses in April and May 2008.

Defendants base approximately half their argument on this Federal "Rule 15(a)(2)."

If defendants intended to reference Federal Rule 15(c)(2), then plaintiff asserts that section is relevant since the matters and claim(s) asserted in the amended pleading arose out of the conduct, transactions, and occurrence set forth or attempted to set forth in the original pleading and complaint. This provides support to plaintiff's request as argued and allows plaintiff to file a Second Amended Complaint.

Also, reference plaintiff's points and arguments in other pleadings, oppositions, responses, and motions, which request that plaintiff be granted pro se status.

If defendants intended to reference only Federal Rule 15(a) which states "leave shall be freely given when justice so requires," then plaintiff has addressed this.

Plaintiff explained previously that plaintiff as pro se intended prior pleadings and attachments to be considered together, read in a cumulative manner, when they were prepared and submitted. Pro se plaintiff requested opportunity to correct this "in the interest of justice" by filing a Second Amended Complaint which is the only way to correct it.

If other errors have been committed, pro se plaintiff requests opportunity to respond and/or to correct them.

Defendants complained that plaintiff's amendment would be a "rehash;" however, additional causes of action were added. Defendants failed to answer issues raised by plaintiff which gave plaintiff reason to add causes of action.

If the court requires additional causes of actions to be filed separately, plaintiff requests permission to do so.

2

Defendant also complained about plaintiff's 1st Affidavit although it has never been foisted or hoisted as they claim.

Defendants also raise new cases, McCray v. Veneman, 298 F. Supp. 2d 13, 15 (D.D.C. 2002) with cross reference to Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996).

In Firestone, 1996, the Appeals Court reversed the District Court's denial in order to allow appellant to file their amended complaint. The Appeals Court found abuse of discretion by the District Court for not allowing the amended complaint since the cause of action was not time-barred.

In McCray, 2002, the pro se plaintiff obtained an attorney to appear on his behalf to file the "third amended complaint" who proceeded to reference a totally wrong statutory basis for his cause of action. This was the basis for the court's decision to deny more amendments in McCray, in contrast to different reasons for plaintiff's request here, in the above referenced case.

Defendants have developed a reputation for wanting only to settle EEO or employment cases and for forcing settlements on clients in a paternalistic manner.

If plaintiff had been a good girl and agreed to settlement then, no doubt, she may not have discovered the failure to investigate and develop evidence. Or not until she asked to see documents.

From hundreds of miles away from time to time plaintiff asked questions and was given the paternalistic answer that this and that would be done later "at trial."

There was never going to be a trial. It was lies and deceit. How many EEO cases has Mr. Kator litigated through trial since 1990 or 1995?

It was lies and deceit when defendants dropped the effort to prove plaintiff's statutory EEO claims against her office and the individuals involved over the years; stopped investigating the sex discrimination in her case; stopped attempting to show sex discrimination in promotions on her team; and looked the other way regarding the individual perpetrators in her case.

Since defendants never sought or obtained such evidence we do not know about the evidence. We do know that the perpetrators of discrimination in plaintiff's office were not confronted by defendants. They were either given a "pass" and/or treated with kid gloves.

To the defendants taking responsibility means always settling, as Michael Kator reminded plaintiff when he needled her after her husband's death and she had been in Washington during much of the last year of his life.

3

Plaintiff had entrusted experienced attorneys to develop her case while she was out of state per the illnesses and deaths of her parents and husband. When plaintiff asked questions, asserted her position, or tried to understand, it caused tension or diversion with defendants who responded in a paternalistic manner; while it was already hard enough for plaintiff under the circumstances.

However, plaintiff thought her instructions about settlement would protect her and give her choice when the time came. Instead, she was not perceptive enough from afar or looking ahead to see how her instructions were subverted and maneuvered around so as to bring about NO CHOICE, only one choice, Settlement. She did not predict that experienced attorneys would fail to develop the evidence and leave her little or no choice; ie, set her up in a course of events leading only to settlement.

When that did not seem to work in 2004, then defendants attempted to withdraw to bring more pressure to bear on the matter. It resulted in a distraction which produced the worst summer of plaintiff's life, worse than open-heart surgery, and the last summer for her husband.

Plaintiff's request to file along with her 2nd amended complaint should be accepted.

Plaintiff, pro se, has submitted herein a Reply and Opposition and a proposed Order.

Dated: May 22, 2008

Respectfully submitted,

*[signature]*
Iris Wood, Plaintiff *Pro Se*

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IRIS WOOD,<br><br>Plaintiff, *Pro Se*<br><br>v.<br><br>IRVING KATOR, MICHAEL KATOR,<br>CATHY A. HARRIS,<br>Kator, Parks & Weiser, PLLC,<br>(previously known under other<br>law firm names)<br><br>Defendants | Civil Action No. 07-1597 (RMU)<br>(JURY TRIAL DEMANDED) |

## ORDER

Upon consideration of Plaintiff's Motion for Leave to File a Second Amended Complaint, Defendants' Opposition, Plaintiff's Reply and Opposition, and the record herein, it is

ORDERED that defendants' Opposition be DENIED.

IT IS FURTHER ORDERED that plaintiff's Second Amended Complaint shall be FILED and NOT DISMISSED.

Dated: May   , 2008

---

JUDGE, UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Certificate of Service

I hereby certify that a copy of the foregoing has been served by first class mail on:

Adrienne Tranel, Esq
Kator, Parks & Weiser, PLLP
1200 18th Street, NW, Tenth Floor
Washington, DC 20036

Iris Wood, pro se

Date: 5-24-2008