UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IRIS WOOD, <br><br> Plaintiff, *Pro Se* <br><br> v. <br><br> IRVING KATOR, MICHAEL KATOR, <br> CATHY A. HARRIS, <br> Kator, Parks & Weiser, PLLC, <br> (previously known under other <br> law firm names) <br><br> Defendants | Civil Action No. 07-1597 (RMU) <br> (JURY TRIAL DEMANDED) |

## NOTICE OF MOTION FOR VOLUNTARY DISMISSAL

## WITHOUT PREJUDICE

1. By or before August 29, 2008, pro se plaintiff will move for an Order of the Court dismissing this action without prejudice under Rule 41(a)(2) of the Federal Rules of Civil Procedure for Voluntary Dismissal and for leave to withdraw her complaint filed in the above-entitled action.

2. The motion will be based on the records in this action and will be made under Rule 41(a)(2) of the Federal Rules of Civil Procedure for Voluntary Dismissal.

Dated: August 15, 2008

Respectfully submitted,

*/s/ Iris Wood/*

Iris Wood, Plaintiff *Pro Se*

**RECEIVED**
AUG 18 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IRIS WOOD,<br><br>Plaintiff, *Pro Se*<br><br>v.<br><br>IRVING KATOR, MICHAEL KATOR,<br>CATHY A. HARRIS,<br>Kator, Parks & Weiser, PLLC,<br>(previously known under other<br>law firm names)<br><br>Defendants | Civil Action No. 07-1597 (RMU)<br>(JURY TRIAL DEMANDED) |

## MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE

Relief Sought

Iris Wood, pro se plaintiff, moves the Court for an order dismissing this action without prejudice and for leave to withdraw her complaint, without costs or conditions under the provisions of Voluntary Dismissal, Rule 41(a)(2) of the Federal Rules of Civil Procedure.

Grounds for Relief

This action should be dismissed because:

1. A motion for voluntary dismissal that is not opposed or not met with a relevant objection should generally be granted. *Genty v. Township of Gloucester,* 736 F.Supp. 1322, 1326 (D.N.J. 1990), *aff'd on other grounds,* 937 F.2d 899 (3d Cir. 1991).

The fact that pro se plaintiff may or may not obtain some tactical advantage by taking a voluntary dismissal, standing alone, is not sufficient grounds to deny a voluntary dismissal. *Puerto Rico Maritime Shipping Auth. v. Leith,* 668 F.2d 46 (1st Cir. 1981).

2. The action has not progressed too far for the court to allow dismissal. No discovery has begun. No Motions for Summary Judgment and/or responses to Motions for Summary Judgment based upon discovery or evidence have been filed. Research or references by defendants have been repeated in various documents. None of the expenses incurred so far will be wasted.

Defendants cannot allege great waste of expenses.

The fact that a case has not been pending long and is in the early stages of pretrial preparation or earlier is a factor that favors a dismissal. *Grynberg Prod. Corp. v. British Gas, P.L.C., 149 F.R.D. 135, 138-139 (E.D. Tex. 1993).*

If action progresses, an amended complaint will be required in this case in response to the changes in names of defendants, ie, names of parties to be added and deleted, which are due to matters outside plaintiff's control.

3. Defendants have represented themselves and cannot allege large expenses for retaining counsel or related insurance costs. Defendants have not shown they have an insurance carrier. If defendants have an insurance carrier, they have not shown that they notified their insurance carrier of the complaint prior to summer 2008.

Defendants cannot allege great waste of expenses.

4. Pro se plaintiff has diligently prosecuted the action within the best of her abilities and control and has made this motion promptly on determining the need for assistance and dismissal. Reference plaintiff's affidavit enclosed with this motion and incorporated by reference for additional information.

The death of one defendant now further complicates this case.

The fatal illness and subsequent death of the most senior attorney and defendant with a mourning period for other defendants as family & co-workers in the firm coincided with plaintiff's requests for time.

Defendants cannot allege great waste of expenses.

5. Pro se plaintiff has valid reasons for seeking voluntary dismissal at this time without prejudice and without costs and conditions under the provisions of Voluntary Dismissal, Rule 41(a)(2).

Pro se plaintiff has good reasons to request voluntary dismissal without prejudice and without costs or conditions due to upcoming surgeries, medical treatment, symptoms, and other factors. Reference plaintiff's affidavit enclosed with this motion and incorporated by reference for additional information.

In order to properly prosecute this complex action with an old history, plaintiff would likely be required to relocate to the Washington Metro area for an extended period of time to work with Expert Witness which could destroy this court's diversity jurisdiction.

6. The voluntary dismissal requested should be without prejudice and without costs or conditions, because defendants will not suffer any "plain legal prejudice" if it is granted. *Greguski v. Long Island R.R. Co.*, 163 F.R.D. 221, 223 (S.D.N.Y. 1995).

All that defendants face as a result of the requested dismissal is the possibility of the time and expense involved in relitigation. "Legal prejudice" sufficient to deny a motion to dismiss without prejudice means more than that. One of the central purposes of Rule 41(a) is to permit the plaintiff to dismiss an action and start over again. Thus, the mere prospect of a second lawsuit, if any, following a voluntary dismissal without prejudice does not constitute plain legal prejudice. *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217, 91 L. Ed. 849, 67 S. Ct. 752 (1947).

7. Costs need not be imposed as a condition of dismissal because defendants will be able to re-use all of the work resulting from effort and expense in this suit in any potential refiling. None of the expenses incurred so far will be wasted. *Mercer Tool Corp. v. Friedr. Dick GmbH*, 179 F.R.D. 391, 395-396 (E.D.N.Y. 1998).

Research and references by defendants were repeatedly used by them and will be used again. Defendants always make a "12(b)(6)" attack and argument especially against a pro se plaintiff. Defendants always attack plaintiff's pro se status despite *Haines v. Kerner*, 404 U.S. 519, 520 (U.S. 1972) and related cases.

Costs should not be awarded for work that can be used again if the case is refiled. *Farmaceutisk Laboratorium Fering A/S v. Reid Rowell, Inc.*, 142 F.R.D. 179, 181 (N.D. Ga. 1991).

8. There is no counterclaim in this action that would prevent dismissal under Rule 41(a)(2).

THE MOTION is based on the records in this action and is made under Rule 41(a)(2) of the Federal Rules of Civil Procedure for Voluntary Dismissal.

Dated: August 15, 2008

Respectfully submitted,

Iris Wood, Plaintiff *Pro Se*

Certificate of Service

I hereby certify that a copy of the foregoing has been served by first class mail on:

Adrienne Tranel, Esq
Kator, Parks & Weiser, PLLP
1200 18th Street, NW, Tenth Floor
Washington, DC 20036

*Iris Wood*
Iris Wood, pro se
Date: 8-16-2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IRIS WOOD,<br><br>　　Plaintiff, *Pro Se*<br><br>　　v.<br><br>IRVING KATOR, MICHAEL KATOR,<br>　　CATHY A. HARRIS,<br>　Kator, Parks & Weiser, PLLC,<br>　(previously known under other<br>　law firm names)<br><br>　　Defendants | Civil Action No. 07-1597 (RMU)<br>(JURY TRIAL DEMANDED) |

## ORDER

Upon consideration of pro se plaintiff's Motion for Voluntary Dismissal Without Prejudice and leave to withdraw her complaint, without costs or conditions under the provisions of Voluntary Dismissal, Rule 41(a)(2) of the Federal Rules of Civil Procedure,

IT IS ORDERED that:

The motion to dismiss without prejudice is GRANTED without costs or conditions.

　　Dated: August   , 2008

---

Ricardo M. Urbina
JUDGE, UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA